WILHELM GOGOLIN ET AL., APPELLANTS, v. ALFRED W. WILLIAMS, RESPONDENTS.

Submitted July 9, 1917—Decided November 19, 1917.

In 1907 a surveyor made a survey and map of plaintiffs' land, upon which they did not build until 1910. It was discovered in 1915 that the house was on the land of another, which the plaintiffs were thus forced to buy. *Held*, in a suit for damages against the surveyor, in which he pleaded the statute of limitations, that the statute began to run from the occurrence of the breach of legal duty, which was the gravamen of the complaint; and not from the time of the discovery of the error and the accruing of the damage.

On appeal from the Supreme Court.

For the appellants, *Leonard Van Lenten.*

For the respondent, *Mackay & Mackay.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiffs, in the year 1907, employed defendant, a surveyor, to make a survey and map of their property, in the township of Saddle River. Thereafter, in 1910, the plaintiffs erected two houses on the land thus surveyed, and in 1915 they discovered that the survey and map included land to which they had no title, and which they were thereby obliged to purchase at a cost of $1,500. Before pleading in defense, defendant moved to strike out the com-

plaint upon the ground that the cause of action, if any existed, was barred by the statute of limitations. The justice who heard the motion denied it, with leave to defendant to plead over, which was done; the answer alleging the bar of the statute of limitations. The parties proceeding to trial a judgment of nonsuit was directed upon the pleadings. The legal inquiry presented is whether the statute begins to run from the time the survey and map were completed, under the contract of employment, in which event the direction of the nonsuit was correct; or from the time of the plaintiffs' discovery of the error, in which case the statute will not be applicable as a bar to plaintiffs' recovery.

It is to be observed that the gravamen of the action is the hiring of a professional man to perform a service, within the line of his profession, which he negligently performed to the damage of the person employing him. In such a situation, quite uniformly, the rule has been declared to be that the statute of limitations begins to run from the time of the occurrence of the breach of duty, and not from the time of the discovery of actual damage, as a result of such breach.

The cases upon the subject are collected in the various digests, and a reference to some of them is all the determination of this case would seem to require. *Wilcox* v. *Plumner,* 4 *Pet.* (*U. S.*) 172; *Troup* v. *Smith,* 20 *Johns.* (*N. Y.*) 33; *Freeholders* v. *Veghte,* 44 *N. J. L.* 509; 13 *Am. & Eng. Ann. Cas.* 696; 25 *Cyc.* 1083-1116.

Perhaps the most succinct statement of the rule is that contained in 17 *R. C. L.* 76, viz.: "As a general rule where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action, and is not legally severable from its consequences."

The case of *Church of the Holy Communion* v. *Paterson, &c., Railroad,* 66 *N. J. L.* 218 (49 *Atl. Rep.* 1030), in nowise militates against this rule. That suit was based upon a continuous and recurring damage occasioned to a church building, by the operation of an adjoining railroad, which injured the substructure and walls of the church: and did not trace its origin to any contractual convention between the parties, the violation of which could be said to be the cause of the damage, and this situation manifestly presents an entirely different question.

It was also contended in the trial court that the order of a justice of the Supreme Court, refusing to strike out the complaint upon the ground we have discussed, was equivalent to judgment upon a demurrer, under the old practice; and that no appeal having been taken from that determination, the defendant was estopped from again raising the question upon the trial. It must suffice to say in answer to this objection that no judgment seems to have been entered by the plaintiffs which they can invoke as an estoppel, and from which defendant could have appealed; and in the absence of that legal bar we must assume that the trial court properly dealt with the question in the orderly course of procedure. In any event the plaintiffs by this appeal lose nothing by the presentation of the question here upon the basis of the correctness of the allegations of their complaint which practically places them in the status they would occupy upon an appeal from a judgment upon demurrer, to which the motion to strike out is assimilated under our present practice.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, JJ.   12.

*For reversal*—None.