MURRAY WEINSTEIN, PLAINTIFF-APPELLANT, v. OLIVER R. BLANCHARD, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant, *Stein, Hannoch & Lasser.*

For the defendant-respondent, *Edwards, Smith & Dawson* (*Edwin F. Smith* and *Charles M. James,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the plaintiff from a judgment entered on a nonsuit at the trial in the Hudson Circuit.

The defendant was a practicing physician and surgeon and was admitted to practice in this state in April, 1891. He operated on the plaintiff on August 10th, 1909, and inserted in the wound two drainage tubes, one of which is alleged to have entered and remained in the body. On October 29th, 1928 (nineteen years after the operation), the plaintiff instituted the present action.

The complaint consists of four counts. The first and third alleged negligence on the part of the defendant in not carefully treating the plaintiff, the leaving of a drainage tube in the wound and permitting it to enter and remain in the body, and claim damages for personal injury, medical expenses, and loss of earnings and business. The second count, charging fraud, was withdrawn at the trial. The fourth count is based upon a claim for damages arising out of in-

jury to the person by reason of the failure of defendant to properly perform the alleged contract to operate upon and treat plaintiff, and claiming like damages.

The defendant, answering the complaint, denied all charges of negligence, malpractice or faulty operation or treatment, and further set up that the cause of action was barred by the statute of limitations.

Judge Ackerson, to whom the case was referred for trial, granted defendant's motion for nonsuit on the ground that the cause of action was barred by the statute of limitations, and we think rightly.

The evidence of the plaintiff showed that the plaintiff was born January 27th, 1905; that in August, 1909, he then residing with his parents in Jersey City, became ill; that the defendant was called in to treat and care for him; that the plaintiff was suffering from pneumonia and later pleurisy set in; that the defendant advised an operation; that the operation was performed by defendant; that in the operation an incision was made in the right side of the plaintiff to relieve the pleurisy, and in the incision two tubes were placed for drainage purposes; that the wound was dressed by the defendant with the assistance of the plaintiff's mother, and at intervals the dressings were removed, the wound cleansed, and, at times, the drainage tubes cleansed; that this continued until January, 1910; that sometime toward the end of the treatment one of the drainage tubes was missing; that the plaintiff's mother called attention to the fact and asked if it could have slipped into the wound, and the defendant said that it had not, but if it had, it would dissolve; that the mother's thorough examination of the room and surroundings at that time disclosed conclusively that the tube was not to be found; that the defendant continued the treatment until January, 1910, and then concluded the treatment and discharged the plaintiff, the wound having healed; that the last time the defendant treated the plaintiff was early in January, 1910; that from that time the defendant did not see the plaintiff up to the time of the filing of the summons and complaint, which was on October 29th,

1928. The evidence further showed that on July 8th, 1928, the plaintiff became ill and X-rays disclosed a rubber tube in the lung, which was removed by another surgeon on July 12th, 1928. It was admitted that the boy, having been born January 27th, 1905, became twenty-one years of age on January 27th, 1926.

We have pointed out that there are two classes of action set forth; the first and third counts for tort, and the fourth for breach of contract.

The first question is whether the claim for damages arising out of defendant's negligence in inserting a tube in the plaintiff's wound and permitting it to enter and remain in the body, as charged in the first and third counts, was barred by the statute of limitations in October, 1928, nineteen years later when actual and substantial damage from the personal injury became plainly apparent.

We think that it was.

Our statute of limitations respecting "injuries to the person" is as follows. 3 *Comp. Stat.* 1910, *p.* 3164, § 3:

"* * * All actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons, * * *, shall be commenced and instituted within two years next after the cause of such action shall have accrued, and not after."

That is the pertinent section, since section 4 which provides that where at the time of the accrual of the cause of action the person entitled thereto is an infant, he shall be at liberty to bring the action within two years after he shall become of full age (3 *Comp. Stat.* 1910, *p.* 3164, § 4), has no bearing on the present inquiry because it is admitted that the treatment by defendant of plaintiff ended (at the latest) early in January, 1910; that plaintiff became of age January 27th, 1926, and the action was commenced October 29th, 1928.

Since, then, the first and third counts are for "injuries to the person" alleged to have been "caused by the wrongful act, neglect or default" of another, the action must be commenced and instituted "within two years next after the cause of such action shall have accrued."

The inquiry, then, resolves itself into the question: When did plaintiff's cause of action accrue?

In the examination of that question it is to be borne in mind that the element of damage which is necessary to create liability may be nominal damage. Whenever there is an invasion of someone's rights there is damage. If there is no actual damage the law implies damage, and in a suit, will award nominal damages.

By the accrual of the cause of action is to be understood the right to institute and maintain a suit. *Larason* v. *Lambert*, 12 *N. J. L.* 247; 37 *C. J.* 810.

It is the contention of the plaintiff that although the operation occurred in August, 1909, and the treatment of the plaintiff by the defendant ceased in January, 1910, during which treatment the "wrongful act, neglect or default," if any, of the defendant occurred, yet because the plaintiff did not have actual knowledge of the presence of the tube in his body until July, 1928, therefore the statute did not begin to run until July, 1928.

The question then is: Does the statute begin to run from the date of the "wrongful act, neglect or default," or from the date the plaintiff becomes aware of the fact that he was suffering from the results of such "wrongful act, neglect or default?"

We think that question is answered by this court in the case of *Gogolin* v. *Williams*, 91 *N. J. L.* 266, which lays down the doctrine:

"It is to be observed that the gravamen of the action is the hiring of a professional man to perform a service, within the line of his profession, which he negligently performed to the damage of the person employing him. In such a situation, quite uniformly, the rule has been declared to be that the statute of limitations begins to run *from the time of the occurrence of the breach of duty, and not from the time of the discovery of the actual damage*, as a result of such breach."

Numerous cases were there cited, and 17 *R. C. L.* 764 was particularly referred to where this language was used:

"While it is generally true that no man has a right of action aganst a wrong-doer unless he is personally injured, yet in the case of every violation of the rights of a particular individual, the law ordinarily implies damage, *for which a right of action accrues though the damage be but nominal.* Therefore as a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and *the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action* and is not legally severable from its consequences. *The statute then begins to run, and not from the time of the damage or discovery of the injury."*

We are mindful of the fact that the case of *Ochs* v. *Public Service,* 81 *N. J. L.* 661, would seem at first reading to be in a measure contrary to the rule in the previously mentioned case, but it is not. That was a case where, in an automobile accident, A's horse and wagon were damaged, and A was injured personally. A brought suit for property damage and recovered, and later brought suit for his personal injuries, to which suit a plea of *res adjudicata* was filed. The court in denying the plea held that they were two distinct causes of action. Language in the opinion claimed to be in conflict with the holding of this court in *Gogolin* v. *Williams,* 91 *N. J. L.* 266, was not necessary to the decision in the Ochs case, and an examination of the authorities cited in the latter shows, we believe, that it was not intended to apply to a case such as the instant case. The same may be said of the case of *Smith* v. *Fischer Baking Co.,* 105 *Id.* 567, which was on all fours with Ochs *v.* Public Service and which followed it. As to the case of *Church of Holy Com'n* v. *Paterson, &c., Railroad Co.,* 66 *Id.* 218; 68 *Id.* 399, that was a typical case of continuous and recurring injury and was so distinguished in Gogolin *v.* Williams, which lays down the rule applicable to the present question in the case at bar.

We believe that the point that is dispositive of the case is: Could plaintiff have brought an action at the time of the alleged act and recover? We believe that he could upon a proper showing. As stated in the case of Gogolin *v.* Williams, the injury need only be "slight," and, of course, a cause of action arises from negligently allowing a foreign substance to get into a human being.

In support of the rule declared in Gogolin *v.* Williams there is a long line of cases dealing quite squarely with this subject. Many of them are found cited in 17 *R. C. L.* 765, §§ 129, 130; also in 13 *Am. & Eng. Ann. Cas.* 696; also in 126 *American State Reports,* 950, 951, where in subsection "b" it is stated: "The statute of limitations ordinarily runs against a physician or surgeon for damages due to malpractice from the time of the act of negligence or unskillful treatment, and not from the time of the consequential injury."

With respect to the fourth count which is based upon contract, the question depends upon whether or not the third section of the statute of limitations (3 *Comp. Stat., p.* 3164) applies to all actions that may arise from the injury, where the injury complained of is a personal injury, whether they are brought in tort or in contract.

We are constrained to think that it does.

It will be noted that the language of section 3 is as follows: "Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after."

That is the way the act stood prior to 1896, when it was amended by adding the following: "and that all action hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons * * * shall be commenced and instituted within two years next after the cause of action shall have accrued and not after."

Now, possibly there is no case that deals with a statute in which the wording is exactly the same as here, but there are many cases dealing with statute that have somewhat similar wording, and those cases are collected in 62 *Am. L.*

*Rep.* 1410, in an annotation to the case of Bodine *v.* Austin there reported, and also in the annotation found in 1 *Am. L. Rep.* 1313, which includes the instructive case of *Griffin* v. *Woodhead*, 30 *R. I.* 204; 74 *Atl. Rep.* 417, wherein it was held in considering statutes of limitation very similar to ours, that an action by a patient against his physician for personal injuries caused by a breach of contract for treatment, regardless of the form of the action, is within a statute limiting the time for bringing an action for injuries to the person.

We believe that is the true doctrine. As pointed out therein, to yield to the plaintiff's contention, namely, that the longer period of limitation applies, "would be to permit a plaintiff to sue in tort within two years, or to frame his action in contract upon the same facts and thus gain four years." Such would not be a reasonable construction of the third section of our statute, for therein the legislature made no distinction whatsoever between torts and contracts. It deals with injuries to persons resulting from the wrongful act, neglect or default of another. Whether framed in tort or in contract, what gives rise to the action? Unskilled treatment. And, so, whether the duty arises through law— the common law—or whether the duty arises out of a contractual relationship, is immaterial so far as the limitation of the action is concerned.

The fact that the plaintiff claims damages for medical expenses and loss of earnings and business, as well as for pain and suffering and the like, does not alter the fact that plaintiff's cause of action for personal injuries is barred by the statute. Medical expenses and loss of earnings and business normally, and where the facts show that they exist, represent in part, and often chiefly the pecuniary loss from personal injury. *Sutherland on Damages*, §§ 1246, 1250.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.