### MARTUCCI v. KOPPERS CO.
### No. 2273.

District Court, D. New Jersey.
Jan. 17, 1945.

Alexander Simpson, of Jersey City, N. J., for plaintiff.

Lindabury, Depue & Faulks, of Newark, N. J., (Burtis S. Horner, of Newark, N. J., of counsel), for defendant.

MEANEY, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's action and for entry of a nonsuit. By agreement of counsel no formal motion papers have been filed.

The complaint sets forth that on or about February 14, 1939, the plaintiff was in the employ of the defendant, a corporation of the State of Delaware, plaintiff being employed in Jersey City, New Jersey. That plaintiff on the above date was treated by a servant of the defendant for a wound received by the plaintiff in his hand at the place of his employment. That as a result of the unskillful treatment the hand became infected and by reason of the infection the hand and a portion of the arm were amputated. The damages sought are for the loss of such hand and arm, for medical expenses and for pain and suffering. The plaintiff's complaint herein was instituted on May 19, 1942, some three years and three months after the alleged injury occurred.

The answer of the defendant denies the material allegations of the complaint and affirmatively sets up the statute of limitations as a bar to the cause of action. Defendant further sets up the defenses that plaintiff's sole and exclusive remedy is under the Workmen's Compensation Act and that a prior determination in this matter in the Compensation Court is res adjudicata and is therefore a bar to this action.

No determination of the last two defenses need be made, since it is my conclusion that the action is effectively barred by the Statute of Limitations.

The facts in brief are that plaintiff was employed by the defendant as a laborer on and prior to February 14, 1939. At that time defendant also had in its employ a duly qualified first aid superintendent who relied solely upon his own skill and ability.

On the above date plaintiff reported to the first aid superintendent that he had in some manner injured his hand or wrist. The hand and wrist were treated and bandaged. Plaintiff was then referred to an independent physician. Subsequently infection set in and as a result the hand and arm were amputated. In May, 1940, following the loss of his hand, plaintiff filed a petition for compensation in the Compensation Bureau of the State of New Jersey. At the hearing plaintiff claimed his injury arose during the course of his employment and that from treatment therefor infection set in, resulting in the ultimate loss of the hand and portion of the arm. The determination and findings by the Bureau were that plaintiff's injury was not the result of an accident arising out of and in the course of employment, and judgment to that effect was entered on September 19, 1941.

The present suit was instituted on May 19, 1942.

The applicable statute of limitations is R.S. 2:24–2, N.J.S.A. 2:24–2, and provides:

"2:24–2. Two years; actions for injuries to person by wrongful act.

"All actions for injuries to the person caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations within this state shall be commenced within two years next after the cause of any such action shall have accrued, and not thereafter."

The plaintiff's cause of action, if any, accrued at the time of the alleged negligent treatment and the statute begins to run from that time and not from such time as plaintiff became aware that he was wrongfully treated, or was suffering from the results of wrongful treatment or neglect. Weinstein v. Blanchard, 109 N.J. L. 332, 162 A. 601.

In Gogoliu v. Williams, 91 N.J.L. 266, 102 A. 667, 668, the court in commenting on accrual of a cause of action stated: "It is to be observed that the gravamen of the action is the hiring of a professional man to perform a service, within the line of his profession, which he negligently performed to the damage of the person employing him. In such a situation, quite uniformly, the rule has been declared to be that the statute of limitations begins to run from the time of the occurrence of the breach of duty, and not from the time of the discovery of actual damage, as a result of such breach."

Plaintiff's cause of action, if any, accrued on the date of treatment, to wit, February 14, 1939.

This matter thus resolves itself into the question of whether plaintiff's action, brought as it is in assumpsit, is an action for injury to the person within the contemplation of R.S. 2:24–2 above set forth. It is my conclusion that it is.

This question was decided and answered by the Court of Errors and Appeals in New Jersey in Weinstein v. Blanchard, supra. In that case defendant was a practicing physician and surgeon. He operated on the plaintiff, and the plaintiff subsequently instituted an action, one count of which was based on a claim for damages arising out of injury to the person by reason of the failure of the defendant properly to perform the alleged contract to operate upon and treat the plaintiff.

The court in that case considered the question whether all actions that may arise from injury, where the injury complained of is a personal injury, whether brought in tort or contract, are within the two year limitation statute.

In giving an affirmative answer the Court stated [109 N.J.L. 332, 162 A. 603]:

"* * * to yield to the plaintiff's contention, namely, that the longer period of limitation applies, 'would be to permit a plaintiff to sue in tort within two years, or to frame his action in contract upon the same facts and thus gain four years.' Such would not be a reasonable construction of the third section of our statute (R.S. 2:24–2 N.J.S.A.), for therein the legislature made no distinction whatsoever between torts and contracts. It deals with injuries to persons resulting from the wrongful act, neglect, or default of another. Whether framed in tort or in contract what gives rise to the action? Unskillful treatment. And so, whether the duty arises through law, the common law, or whether the duty arises out of a contractual relationship, is immaterial so far as the limitation of the action is concerned.

"The fact that the plaintiff claims damages for medical expenses and loss of earnings and business, as well as for pain and suffering and the like, does not alter the fact that plaintiff's cause of action for personal injuries is barred by the statute. Medical expenses and loss of earnings and

business normally, and where the facts show they exist, represent in part, and often chiefly, the pecuniary loss from personal injury. Sutherland on Damages, §§ 1246 and 1250."

Statutes similar to that here involved, and constructions thereof, are collected in 62 A.L.R. 1410, where it is stated generally: "Where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu".

In the instant case the essence of the action is for injuries to the person, whatever may be the form of the action, and as such is barred by the two year statute of limitation.

Defendant's motion to dismiss is granted, and judgment for nonsuit may be entered accordingly.