**Andrew OROZ, Plaintiff,**

v.

**AMERICAN PRESIDENT LINES, Ltd., Defendant.**

United States District Court
S. D. New York.
March 29, 1957.

---

9. Order dated April 5, 1955, I & S Docket No. 6332 p. 2.

Alvin I. Apfelberg, New York City, for plaintiff, Martin G. Stein, New York City, of counsel.

Symmers, Fish, Warner & Nicol, New York City, for defendant American President Lines, Limited, Frederick Fish, and Robert John Nicol, New York City, of counsel.

WALSH, District Judge.

Defendant moves to dismiss the complaint as time-barred. The motion is granted.

This is an action for personal injuries allegedly sustained by plaintiff while employed by Turner and Blanchard, Inc. as a longshoreman, aboard defendant's vessel alongside her pier in Jersey City, New Jersey. The injury occurred on October 16, 1951; the complaint was served and filed on November 5, 1956. Plaintiff is a resident of New Jersey.

The complaint alleges a claim under the Jones Act (46 U.S.C.A. § 688) and for negligence and unseaworthiness under the common law and the general maritime law. With respect to the Jones Act claim, the motion must be granted because the statute creating the cause of action expressly prescribes that it be brought within three years. 45 U.S.C.A. § 56. Rogosich v. Union Dry Dock & Repair Co., 3 Cir., 67 F.2d 377; Streeter v. Great Lakes Transit Corp., D.C.W.D. N.Y., 49 F.Supp. 466; Petition of Clinchfield Navigation Co., D.C.S.D.N.Y., 26 F.2d 290.

With respect to the claims based upon the common law and the general maritime law, there is no federal statute of limitations, and this Court looks

to the analogous statutes of the state of New York.

Section 13 of the New York Civil Practice Act provides that a suit by a nonresident is barred if either the New York statute of limitations or the statute of limitations of the state in which the cause of action accrued has run.

The analogous New York statute for a claim based upon unseaworthiness fixes a period of six years. Civil Practice Act, § 48. LeGate v. The Panamolga, 2 Cir., 221 F.2d 689. Although the New York statute for a claim based upon negligence fixes a period of three years, nevertheless if the time within which to bring an action based upon unseaworthiness has not expired, the related claim based upon negligence will not be dismissed in the absence of a showing of prejudice by the defendant. LeGate v. The Panamolga, supra. The six year period of the New York statute had not expired when the complaint was served and filed. There is no showing of prejudice by defendant.

█ The next question is whether the analogous New Jersey statute of limitations had run. That statute is N.J.S. 2A:14-2, N.J.S.A., and it reads as follows:

"Every action at law [1] for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."

The New Jersey courts have held this statute to be applicable to all claims for personal injury whether based upon tort or contract. In Burns v. Bethlehem Steel Co., 20 N.J. 37, 118 A.2d 544, a rigger employed in defendant's shipyard, sued for personal injuries claiming to be a third party beneficiary of a contract between his union and the defendant, which he alleged was breached by failure to provide certain safety devices. The court held that the two year statute was applicable, rather than the six year statute provided for contract claims.[2] In so holding it followed Weinstein v. Blanchard, Err. & App., 109 N.J.L. 332, 162 A. 601, a case in which a patient claimed for injuries caused by the malpractice of a physician alleging a breach of the contractual relationship with the physician. Although the Weinstein case was decided under an earlier statute which was different in form,[3] the Burns case held

---

1. The expression "action at law" seems to have no significance in this particular case. There is no indication that it was intended to restrict this section to actions derived from the common law. Rule 4:2 of the Rules of the Supreme Court of New Jersey provides:
"There shall be one form of action in civil practice to be known as a 'civil action'."
This succeeds a former provision of the Revised Statutes of 1937, § 2:27-7 which provided, in part, as follows:
"There shall be but one form of civil action in the courts of common law, which shall be denominated an 'action at law'."

2. The six year provision is contained in Section 2A:14-1:
"Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of

another not stated in sections 2A:14-2 and 2A:14-3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued."

3. Prior to January 1, 1952 the applicable New Jersey statutes provided as follows:
Section 2:24-2:
"All actions for injuries to the person caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations within this state shall be commenced within two years next after the cause of any such action shall have accrued, and not thereafter."
Section 2:24-1:
"All actions in the nature of trespass quare clausum fregit, trespass, detinue, trover, actions of replevin * * *, ac-

that the changes in the statute were merely as to form, not substance; that there was no evidence of a legislative intent to change the rule of the Weinstein case. The Weinstein case was also followed in Martucci v. Koppers Co., D.C. N.J., 58 F.Supp. 707.

■ It is, therefore, my conclusion that plaintiff's action would be barred in the New Jersey courts, and consequently that it would also be barred in New York State courts. Liability for unseaworthiness is not based upon fault, The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Seas Shipping Co., Inc., v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; the employer's breach of his obligation has been characterized as a tort which arises out of the maritime status or relation. Strika v. Netherlands Ministry of Traffic, 2 Cir., 185 F.2d 555, 558. Its original derivation may be lost in the past. LeGate v. The Panamolga, supra. Yet there can be no question, regardless of the nature of the shipowner's obligation, that this is a claim for personal injury based upon its alleged wrongful failure to perform its obligation. Accordingly, in New Jersey the claim would be governed by the two year statute of limitations.

■ Plaintiff claims that although this action was brought on the law side of the court rather than the admiralty side the test is one of laches rather than the rigid application of the New Jersey statute. Assuming this is so, it would not avail the plaintiff here. No adequate excuse for his delay is shown in the complaint. In the papers in opposition to this motion it is said only that he was almost illiterate and unaware of his right to make this claim. This in itself is no excuse. Such ignorance is improbable and at any rate unjustified. Here plaintiff apparently recovered workmen's compensation benefits and was content with this recovery against his employer, with-

out attempting ·any claim against the vessel or her owners. Longshoremen as a group have shown themselves well-informed of their right to pursue such claims and when such a claim is meritorious, the employer or his workmen's compensation insurance carrier will take appropriate action if the injured employee fails to do so. In the absence of a better excuse, after five years defendant should not be required to defend an action upon the basis of the employer's compensation file, particularly when its interest may be adverse to that of the employer or its compensation carrier.

Motion granted. Complaint dismissed.

tions in the nature of debt * * *, actions of account, actions in the nature of actions upon the case, except the actions mentioned in section 2:24-2 and

section 2:24-3 of this title, shall be commenced within six years next after the cause of any such action has accrued, and not thereafter. * * *".