208 N.J. Super. 716 (1986)
506 A.2d 844
SHARON P. HADDEN AND JEFFREY HADDEN, PLAINTIFFS-APPELLANTS,
v.
ELI LILLY AND COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1986.
Decided March 21, 1986.
*717 Before Judges PRESSLER, DREIER and GRUCCIO.
Edgar E. Moss II argued the cause for appellants (Moss, Powers & Lezenby, attorneys; Timothy P. Beck, on the brief).
John L. McGoldrick argued the cause for respondent (McCarter & English, attorneys; John L. McGoldrick, of counsel; John F. Brenner, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff Sharon P. Hadden, whose husband sues per quod, brought this pharmaceutical products liability action against defendant Eli Lilly and Company claiming that she sustained in utero gynecological injury as a result of her mother's ingestion of diethylstilbestrol (DES) during the pregnancy. She appeals from a summary judgment dismissing her complaint as untimely filed. We reverse.
The facts of this controversy require us to consider the relationship between N.J.S.A. 2A:14-21, which provides for the tolling of the statute of limitations during infancy, and the so-called discovery rule, which defers the accrual of the cause of action for limitations purposes until the injured person *718 knows or should know of the existence of a cause of action. See Lopez v. Swyer, 62 N.J. 267 (1973). The anomaly here is that, as we construe the significance of the operative facts, application of the tolling provision would permit a longer period of time in which to commence the action than would be allowable under the discovery rule. For the reasons set forth herein, we hold that in such circumstances the injured person is entitled to the benefit of the limitations rule affording the longer time.
For purposes of considering defendant's summary judgment motion, the following facts may be assumed. Plaintiff was born on February 11, 1954. Her mother, Dorothy Prizer, had, during the course of her pregnancy and pursuant to her physician's prescription, taken a DES product manufactured by defendant. In July 1974 plaintiff, who until that time had been asymptomatic, underwent a routine premarital gynecological examination which revealed the presence of abnormal cell growth in her cervix. Surgery ensued. Her physician, suspecting DES as the cause of the problem, reviewed her mother's medical records and ascertained that she had taken defendant's DES product while pregnant with plaintiff. The physician promptly discussed these matters with plaintiff and her family, explaining that plaintiff had to be closely watched because of the continuing DES risks. The trial judge found that plaintiff knew by August 1974 that she had been injured in utero by her mother's ingestion of DES. That finding was adequately supported by the evidence adduced at the preliminary evidential hearing.
The complaint was filed in October 1976, two years and three months after the date on which plaintiff was found to have discovered her cause of action. Rejecting plaintiff's argument that under N.J.S.A. 2A:14-21, she had until February 11, 1977, her twenty-third birthday, for the timely filing of her complaint, the trial judge concluded that since she had already reached her majority at the time she discovered the cause of action, it then accrued and the two-year statute of limitations started to run. *719 This holding rested upon the perception that the tolling provision of N.J.S.A. 2A:14-21 was inapplicable. We disagree. It is our conclusion that under the circumstances here, the tolling statute both applies and is controlling.
The problem before us is complicated by the fact that during plaintiff's minority the age of majority was changed from 21 to 18. See N.J.S.A. 9:17B-1 to 3, (effective January 1, 1973). N.J.S.A. 2A:14-21 tolls the running of the statute of limitations on an infant's claim until age 21. Although that statute had not been amended to conform with N.J.S.A. 9:17B-1, et seq., the Legislature recognized the potential transition difficulties by expressly providing in N.J.S.A. 9:17B-2(e) that its enactment of N.J.S.A. 9:17B-1, et seq., was not intended to "[a]lter the provisions of N.J.S. 2A:14-21 with respect to the time within which a person under 21 years of age on January 1, 1973 may commence an action ... under a cause or right accrued prior to said date." See also Tyson v. Groze, 172 N.J. Super. 314 (App.Div. 1980).
Plaintiff was not quite 19 years old on January 1, 1973. If, therefore, her cause of action had accrued prior to that date, she would be entitled under the plain language of N.J.S.A. 9:17B-2(e) to the full benefit of the 21-year-old tolling provision of N.J.S.A. 2A:14-21, and the statute of limitations would not have run until her twenty-third birthday. Hence, her complaint would be timely.
The issue then is whether plaintiff's action accrued prior to 1973. At least for purposes of this motion, we can assume that the injury which is the gravamen of the complaint was inflicted on plaintiff in 1953 when her mother took DES.[1] The *720 fact that the injury did not manifest itself until twenty years later does not derogate from the fact that it actually took place in utero. In effect, it was a birth defect caused by the drug. Can it be said, however, that the cause of action accrued before the injury was discovered? The trial judge, relying on the so-called discovery rule, answered this question in the negative.
The discovery rule permits deferral of the accrual of a cause of action until the injured person knows or should know that he has sustained an injury or knows or should know that an injury of which he is aware is attributable to the fault of another person. See, e.g., Tevis v. Tevis, 79 N.J. 422, 430-432 (1979). The rule is predicated on the premise that while the actionable injury has actually occurred prior to its discovery, the injured person should not be at risk of losing his cause of action until he has made his belated discovery. Hence it is on that date that the applicable statute of limitations starts to run. The discovery rule is thus an equitable doctrine devised by the courts to avoid manifest injustice. As expressed by Justice Pollock in O'Keeffe v. Snyder, 83 N.J. 478, 491 (1980):
To avoid harsh results from the mechanical application of the statute, the courts have developed a concept known as the discovery rule. The discovery rule provides that, in an appropriate case, a cause of action will not accrue until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action. The rule is essentially a principle of equity, the purpose of which is to mitigate unjust results that otherwise might flow from strict adherence to a rule of law. [citations omitted]
It is clear to us, therefore, that "strict adherence to the rule of law" would result in accrual of a cause of action on the date the injury is inflicted, irrespective of the state of the injured person's knowledge thereof. Indeed, this was the well-settled law in this jurisdiction prior to the development of the discovery rule. See, e.g., Weinstein v. Blanchard, 109 N.J.L. 332 (E. & A. 1932), in which plaintiff brought a medical malpractice action based upon the discovery that 18 years earlier a rubber drainage tube had been left in his body during surgery. In affirming the dismissal of the cause on limitations grounds, the Court *721 of Errors and Appeals articulated the "strict" accrual rule, unameliorated by the modern discovery rule, as follows:

The act itself is regarded as the ground of action and is not legally severable from its consequences. The statute then begins to run, and not from the time of the "damage or discovery of the injury." [Id. at 337 (emphasis in original)]
It is therefore evident that but for the discovery rule, plaintiff's cause of action would be deemed to have accrued in utero in 1953 and that under the tolling provisions of N.J.S.A. 2A:14-21, the statute of limitations would not have run until her twenty-third birthday.
Having reached that conclusion, we deal with the question of whether the discovery rule must be applied so as to start the running of the two-year statute when plaintiff, at the age of 20, first became aware of her injury. In considering this issue, we are guided by the maxim that equity follows the law. See, e.g., Camden Trust Co. v. Handle, 132 N.J. Eq. 97, 108 (E. & A. 1942). In this context, we understand that maxim to mean that while equitable principles may, in the interests of justice, be applied to expand statutory rights, they may not be applied to contract or otherwise constrict those rights. See, e.g., Lavin v. Hackensack Bd. of Ed., 90 N.J. 145, 152 n. 1 (1982).
Thus, while we appreciate and are committed to the predicates, purposes and policies of the discovery rule, we are nevertheless persuaded that it cannot be applied where so doing would abbreviate a statutory tolling right. In short, if strict application of the statutory rule of law results, anomalously as that may be, in a longer limitations period than is available under an equitable principle, the equitable alternative may not abridge the statutory period. Indeed, curtailing the strict statutory right would subvert the equitable basis of the discovery rule. We are therefore persuaded that the plaintiff had the option of foregoing reliance on a deferred accrual date and relying instead on strict adherence to the rule of law under which accrual and infliction of the injury occur simultaneously.
*722 There is one final matter which requires our attention, although not raised by the parties. As we have noted, the complaint was filed in October 1976. Defendant filed its answer in November 1976, raising the statute of limitations as its second of 14 separate defenses. Its motion to dismiss the complaint on limitations grounds was first made in 1984 and renewed in 1985. It appears that during the intervening eight years the parties were engaged in discovery, including participation in a national DES discovery program. We regard it as inexcusable and unconscionable for a defendant who pleads the statute of limitations to let that issue lie dormant for almost a decade, thereby encouraging both parties to engage in costly, time-consuming and perhaps ultimately futile discovery proceedings. Since we have decided that plaintiff's action is timely, we need not determine the question of whether defendant should be estopped from relying on the statute of limitations. We are nevertheless constrained to note that such an estoppel might well be an appropriate alternate ground of decision here.
The summary judgment dismissing the complaint is reversed, and the matter is remanded for trial.
NOTES
[1] Clearly, not every exposure by a female in utero to DES taken by the mother is injurious since, as we understand it, the subsequent development of gynecological problems is not inevitable. Where, however, a gynecological problem has later manifested itself, its cause is the in utero DES exposure and that exposure constitutes, at least by hindsight, the time when the injury was inflicted.