## APICA v. PENNSYLVANIA WAREHOUSING & SAFE DEPOSIT CO. et al.
### Civil Action No. 7463.

District Court, E. D. Pennsylvania.
Nov. 21, 1947.

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

Axelroth & Porteous, of Philadelphia, Pa., for Pennsylvania Warehousing & Safe Deposit Co.

Henry R. Heebner, of Philadelphia, Pa., for Reading Co., Central R. Co. of New Jersey, and Baltimore & O. R. Co.

McGRANERY, District Judge.

This is an action by Louis Apica, a longshoreman, for personal injuries he suffered while unloading a railroad freight car. Defendants have moved for judgment on the pleadings, and for the purposes of this motion, the facts as alleged by plaintiff shall be taken as admitted. Art Metal Const. Co. v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57. In September, 1944, a railroad freight car operated by defendant Reading Company, was loaded in Pennsylvania with barrels of dry skim milk by defendant Pennsylvania Warehousing and Safe Deposit Company, and transported to a point in New Jersey. There the car was transferred to the control of defendant, Central Railroad Company of New Jersey, which transported it to Jersey City. It was then loaded onto a car float belonging to defendant, Baltimore and Ohio Railroad Company and taken across the navigable waters of the North River to Pier 95, New York City. On September 30, 1944, while this car and float were moored to the pier, plaintiff boarded the float and was injured opening the door of the car. Plaintiff was acting in the course of his duties as an employee of William Spencer and Son Corporation, stevedores. The complaint in this action was filed on June 18, 1947. Defendants contend that under the applicable Pennsylvania two year statute of limitations, plaintiff's action is barred. 12 P.S. § 34.

The exact facts surrounding plaintiff's injury are not clear from the record. At this stage of the proceedings, however, it would seem that plaintiff's contention that this is a maritime tort is correct. Regardless of the forum, then, principles of admiralty law should govern because "The source of the governing law applied is in the national, not the state, government."

See Garrett v. Moore-McCormack Co., 317 U.S. 239, 245, 63 S.Ct. 246, 251, 87 L.Ed. 239. This applies, as well, to the doctrine of laches. The fact that jurisdiction is based upon diversity of citizenship does not upon these facts compel application of the state statute of limitations. See Holmberg v. Armbrecht, 327 U.S. 392, 399, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719; Cf. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210.

■ Defendants have not addressed themselves at all to the issue of whether under the doctrine of laches plaintiff's action was timely. It appears to be so to me. See Loverich v. Warner Co., 3 Cir., 118 F. 2d 690, 693. Accordingly, therefore, I shall deny their motion for judgment on the pleadings, specifically allowing them, however, to raise this issue again, should they present evidence supporting their position.