## APICA v. PENNSYLVANIA WAREHOUSING & SAFE DEPOSIT CO. et al.

Civ. A. No. 7463.

United States District Court
E. D. Pennsylvania.

Nov. 15, 1951.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Axelroth & Porteous, Philadelphia, Pa., for defendant Pennsylvania Warehousing & Safe Deposit Co.

Henry R. Heebner, Philadelphia, Pa., for defendant railroad companies.

McGRANERY, District Judge.

This is an action by a longshoreman for personal injuries sustained while unloading a railroad freight car in New York. A motion for judgment on the pleadings has previously been treated, D.C., 74 F.Supp. 819. Now defendants move, on the basis of Kane v. U.S.S.R., 3 Cir., 189 F.2d 303, recently decided in this Circuit, to dismiss the action on the ground of laches, plaintiff having failed to plead in his complaint any facts negativing laches or excusing his delay in instituting the action.

■■■ Defendant's motion will be treated as one to reconsider the issues raised in the former motion, because of the intervening decision in the Kane case. The former decision held that a maritime tort was involved, rendering applicable the principles of admiralty law. See Garrett v. Moore-McCormack Co., 317 U.S. 239, 245, 63 S.Ct. 246, 87 L.Ed. 239. Consequently, the doctrine of laches applies rather than the doctrine of limitations, notwithstanding that jurisdiction is founded on diversity of citizenship. At that time it did not appear that the action was not timely brought and the motion for judgment on the pleadings was denied, but with specific permission to the defendant to raise the issue again upon the presentation of evidence supporting their position. In the Kane case, however, the Court of Appeals held that the District Court had not abused its discretion in placing upon a libellant the burden of pleading and proving facts negativing laches or the toling of the statute, where on the face of the libel the analogous statute of limitations had run.

■■■ This action, involving an injury suffered in New York, was brought in the United States District Court for the Eastern District of Pennsylvania two years and nine months after the cause of action arose. The Pennsylvania statute of limitations is two years, 12 P.S. § 34, while the New York statute is three years, New York Civil Practice Act, § 49(6). The plaintiff argues that the analogous statute is that of the State where the injury occurred, on the ground that it is the statute of limitations which governs the substantive rights of the parties. But the rights involved are federally created, and the New York statute of limitations is not a qualification of those substantive rights. It is procedural merely, and under the usual conflict of laws rule, the law of the forum is applicable. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346; Restatement of Conflict of Laws, Sec. 603. If there were involved only the mechanical task of choosing the proper statute of limitations under the technical conflict of laws rules and striking a precise equivalence between laches and limitation, there would be no problem. But the decision in the Kane case compels no such mechanical procedure. The Court of Appeals reiterated the principle that "it is the function of the admiralty court to determine whether under all the circumstances the doctrine of laches is applicable." Kane v. U.S.S.R., supra, 189 F.2d at page 306. In a recent case the Supreme Court emphasized that "the existence of laches is a question primarily addressed to the discretion of the trial court, [and] the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations." Gardner v. Panama R. Co., 72 S.Ct. 12, 13, decided November 5, 1951. In applying the maritime law, the Court utilizes the statute of limitations merely by way of analogy. Loverich v. Warner Co., 3 Cir., 118 F.2d 690. In choosing the analogous statute, a consideration of the equities persuades me that a reference to the three-year statute of New York, where the injuries were sustained, would be fair and reasonable.

Accordingly, the motion to dismiss on the ground of laches will be denied.