Robert N. HENDERSON

v.

CARGILL, Inc.

Civ. A. No. 15690.

United States District Court,
E. D. Pennsylvania.

Oct. 1, 1954.

**120**

———◇———

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Plaintiff brought this action against the defendant to recover damages for personal injuries allegedly caused by the negligence of the defendant and the unseaworthy condition of defendant's vessel which was involved in the alleged accident.

In support of its motion to dismiss the action two reasons are assigned by the defendant: (1) The two-year statute of limitations applicable to personal injury cases in Pennsylvania bars the instant action, since the cause of action arose on August 13, 1950 and the action was commenced on August 17, 1953, and (2) Assuming arguendo said two-year statute of limitations does not apply the action is nevertheless barred by plaintiff's laches.

The reasons assigned are not persuasive and we accordingly deny defendant's motion.

■ 1. The accident that caused plaintiff's injuries occurred on board a vessel in navigable waters. Thus, in this action, the jurisdictional basis of which is the diversity of citizenship of the parties, the Court has before it a maritime tort. In such circumstances it is our thought admiralty principles apply, Garrett v. Moore-McCormick Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239, and Apica v. Pennsylvania Warehousing & Safe Deposit Co., D.C., 74 F. Supp. 819, and therefore a determination of the timeliness of the action depends on the equitable doctrine of laches and not the two-year Pennsylvania statute of limitations, 12 P.S. § 34.

■ 11. Whether or not laches is present depends on the facts and circumstances of a particular case. In other words, the Court has the duty to examine the equities of the respective parties before it decides the issue of laches. In the present case, on the one hand, we have the presumption of prejudice to the defendant arising out of the fact that plaintiff brought the action more than two years after the cause of action arose. On the other hand, we have the following facts which constitute plaintiff's reasons for his delay in bringing suit and which he contends are sufficient to excuse said delay: On September 5, 1951, plaintiff, a railroad employee, brought suit against the party he believed primarily responsible for the alleged accident and resulting injuries, his employer, Reading Company, in accordance with the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. As late as February 26, 1952, the United States Court of Appeals for the Second Circuit held that a railroad employee engaged primarily in railroading was covered by the Federal Employers' Liability Act in spite of the fact that his injuries occurred over navigable waters. O'Rourke v. Pennsylvania Railroad Co., 2 Cir., 194 F.2d 612. However, on January 12, 1953, the Supreme Court of the United States held that such an employee is denied the protection of the Federal Employers' Liability Act and is covered instead by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., Pennsylvania Railroad Company v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367. As a result of the latter holding plaintiff was no longer able to maintain his suit against his employer, Reading Company. Thereafter, plaintiff through his counsel conducted an investigation for the purpose of discovering the identity

of the person or persons other than plaintiff's employer against whom an action could be maintained under the law. Said investigation proved to be time consuming and the present action against the defendant was commenced on August 17, 1953. These facts we feel demonstrate that the equities are in plaintiff's favor and hence are sufficient to excuse plaintiff's delay in bringing suit. See Hoehn v. Crews, 10 Cir., 144 F.2d. 665.