Andrew OROZ, Plaintiff-Appellant,

v.

AMERICAN PRESIDENT LINES, Ltd., Defendant-Appellee.

No. 208, Docket 24662.

United States Court of Appeals Second Circuit.

Argued March 5, 1958.

Decided Sept. 30, 1958.

Martin G. Stein, New York City (Jacob Levine and Alvin I. Apfelberg, New York City, on the brief), for plaintiff-appellant.

Frederick Fish, New York City (Robert J. Nicol, New York City, and Symmers, Fish, Warner & Nicol, New York City, on the brief), for defendant-appellee.

Before LUMBARD, WATERMAN and MOORE, Circuit Judges.

LUMBARD, Circuit Judge.

Plaintiff, a longshoreman, appeals from a judgment by Judge Walsh, Southern District of New York, dismissing his civil action which was commenced five years after the alleged negligence and unseaworthiness on the ground that it was barred by a two year New Jersey statute of limitations or, in the alternative, by laches. The questions for decision are whether a statute of limitations or laches is the proper limitation to a maritime tort action brought on the civil side of a federal court; and if the admiralty doctrine of laches applies, whether the lower court properly exercised its discretion in holding that the plaintiff was barred by laches from litigating his claim. We hold that the admiralty doctrine of laches applies even though the suit is an action "at law" on the civil side of the court, and that an inexcusable delay of five years bars this action.

The complaint alleges that plaintiff, a longshoreman, was injured on October 16, 1951 while working aboard defendant's vessel the S.S. President Harrison when she was docked at a pier in Jersey City, New Jersey, and that the injuries were due to defendant's negligence and the unseaworthiness of its vessel. The action was commenced on November 15, 1956, over five years after the injury occurred. The lower court dismissed a claim grounded on the Jones Act, 46 U.S.C.A. § 688, because of the express three-year limitation governing that Act, 45 U.S.C.A. § 56, and plain-

tiff does not dispute this ruling.[1] Plaintiff also claims liability for negligence arising out of general maritime law. Since that claim, even though asserted beyond the limitation period, may be joined with an unseaworthiness claim timely commenced, Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, we consider only whether there is any bar to the unseaworthiness claim.[2]

■ With respect to the unseaworthiness claim, "rooted in federal maritime law," Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed. 143, there is no federal statute of limitations, and if this action had been brought in admiralty it is conceded that the proper limitation would have been laches. Here, however, the suit is on the civil side of the federal court under the savings clause, 28 U.S.C.A. § 1333, which permits vindication of maritime rights through other remedies. If a federal court were mechanically to apply a local limitation statute in the instant case, it would be because "in 'law' actions where a federally created right is being enforced, the federal courts will apply the applicable state statute of limitations in the absence of a controlling federal statute of limitations." 2 Moore, Federal Practice 717 (2d Ed. 1948).

■ Defendant contends that this general doctrine of borrowing the state statute should prevail because the bar of the state statute is merely a procedural incident of the form of action which plaintiff pursues. But it is well settled that claims such as this are controlled in substantive respects by maritime law fashioned in the federal courts and the choice of an action "at law" cannot serve to diminish the dimensions of the substantive rights accorded by that law. Admiralty principles govern the civil action and override common law rules such as those concerning contributory negli-

gence, burden of proof, and assumption of the risk even though these rules are often characterized as "procedural" or "remedial." See Garrett v. Moore-Mc-Cormack Co., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239; Pope & Talbot, Inc., v. Hawn, supra.

Sound judicial administration of maritime claims requires uniformity with respect to the measure of limitations as well as with respect to such matters as contributory negligence and burden of proof. Just as "(t)he operation of a double system of conflicting laws in the same State is plainly hostile to the reign of law," Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 112, 65 S.Ct. 1464, 1471, 89 L.Ed. 2079, so is the application of different time bars on different sides of the federal court at variance with the sound administration of maritime law. "Of course the substantial rights of an injured person are not to be determined differently whether his case is labelled 'law side' or 'admiralty side' on a district court's docket." Pope & Talbot, Inc., v. Hawn, supra, 346 U.S. at page 411, 74 S.Ct. at page 206. Cf. Rose v. United States, D.C.E.D.N.Y. 1947, 73 F.Supp. 759. We have here in most respects the reverse of the situation in Guaranty Trust Co. of New York, supra. There a federal court adjudicating rights arising out of state law applied a state limitation statute even though the federal remedy was equitable in nature. Here a court is asked to provide a remedy "at law" by virtue of the savings clause to vindicate rights arising out of maritime law and governed by admiralty principles. The considerations which require the application of a state limitation statute in an action arising out of and governed by state law also compel the application of the admiralty limitation in an action arising out of federal maritime law and governed by admiralty principles.

---

1. The Jones Act claim is defective in another respect as well, since plaintiff being a longshoreman, is not a seaman within the meaning of that Act. See Gilmore and Black, Admiralty, 282–283 (1957). See footnote 3.

2. In view of our decision that the unseaworthiness claim, even though governed by laches, is barred, there is no reason to discuss whether the negligence claim is also subject to laches rather than a statutory limitation.

■ For these reasons we are of the opinion that the proper measure of the time within which suit must be commenced is the admiralty doctrine of laches, not a local statute of limitations. Henderson v. Cargill, Inc., D.C.E.D.Pa. 1954, 128 F.Supp. 119; Apica v. Pennsylvania Warehousing & Safe Deposit Co., D.C.E.D.Pa.1947, 74 F.Supp. 819; Id., D.C.E.D.Pa.1951, 101 F.Supp. 575.

■ Although laches is the proper measure of limitation, it has long been settled doctrine that, in deciding whether maritime claimes are barred by laches, courts of admiralty will use local limitation statutes as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay. If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred. Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; Wilson v. Northwest Marine Iron Works, 9 Cir., 1954, 212 F.2d 510.

■■ The injury occurred in New Jersey territorial waters, and it is conceded that, if any statute is relevant, § 13 of the New York Civil Practice Act, which bars suit in New York if barred in the state where the cause of action arose, alerts us to look to the limitation statutes of New Jersey.

Plaintiff urges that the warranty of seaworthiness should be treated as an implied contract and consequently that the applicable New Jersey statute is N.J.S.A. 2A:14-1, which permits six years for bringing a contractual claim, express or implied. We agree with the district court, however, that the six year statute does not apply, and that the governing statute is the New Jersey two-year provision, N.J.S.A. 2A:14-2.[3] Only recently we held that the same language, "wrongful act, neglect or default," as used in the state's wrongful death act, N.J.S.A. 2A:31-1, encompassed an action based upon unseaworthiness. Halecki v. United New York & New Jersey Sandy Hook Pilots Association, 2 Cir., 1958, 251 F.2d 708, certiorari granted 357 U.S. 903, 78 S.Ct. 1149, 2 L.Ed.2d 1154. See also Skovgaard v. The Tungus, 3 Cir., 1957, 252 F.2d 14, certiorari granted 357 U.S. 903, 78 S.Ct. 1146, 2 L.Ed.2d 1154. Further, this Court has suggested that breach of the implied warranty of seaworthiness is a tort, Strika v. Netherlands Ministry of Traffic, 2 Cir., 1950, 185 F.2d 555, 558, certiorari denied 341 U.S. 904, 71 S.Ct. 614, 95 L.Ed. 1343.

■ In any event, the construction of the New Jersey statutes by the New Jersey courts is determinative, and they have uniformly held that the two-year provision applies to all personal injury claims, whether based upon tort or contract. Burns v. Bethlehem Steel Co., 1955, 20 N.J. 37, 118 A.2d 544; Weinstein v. Blanchard, Err. & App. 1932, 109 N.J.L. 332, 162 A. 601. See Martucci v. Koppers Co., D.C.N.J.1945, 58 F.Supp. 707.[4]

---

3. "2A:14-2. Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."

4. In McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272, the Supreme Court held that when an unseaworthiness claim is joined with a Jones Act claim a local limitation statute cannot serve to bar the former claim if the limitation is less than three years. It was pointed out that seamen wishing to predicate recovery on these alternate grounds must bring both claims in the same proceeding. If the unseaworthiness claim is governed by a shorter limitation, the time within which a statutory claim may be brought is effectively diminished. Here, however, since plaintiff is not within the class covered by the Jones Act, we have no question whether the application of a shorter state limitation to plaintiff's claim will in any respect restrict federal rights accorded seamen by statute. We thus do not consider the Jones Act limitation pertinent to the disposition of this action.

The question whether laches should bar the suit is addressed to the sound discretion of the trial court. Czaplicki v. The S.S. Hoegh Silvercloud, 1956, 351 U.S. 525, 534, 76 S.Ct. 946, 100 L.Ed. 1387. We see no abuse of discretion in the dismissal of an action brought more than five years after the accident and three years after the running of the analogous state statute. The affidavit of plaintiff's counsel, in opposition to the motion for judgment on the pleadings, gives no legally sufficient reason why the plaintiff failed to bring suit for five years. It merely pleads plaintiff's ignorance and states that Oroz was "unaware of any remedy that he may have against the shipowner." Ignorance is not a sufficient excuse to permit litigation of such a stale claim. Morales v. Moore-McCormack Lines, 5 Cir., 1953, 208 F.2d 218. See also McChristian v. Lykes Bros. S.S. Co., D.C. S.D.Tex.1950, 94 F.Supp. 149. Since ample opportunity was accorded plaintiff to justify his delay and no sufficient excuse has been asserted, there is no need for a hearing on the matter. Compare Czaplicki v. The S.S. Hoegh Silvercloud, supra, 351 U.S. at page 534, 76 S.Ct. at page 951. There was no abuse of discretion in dismissing the complaint.

Affirmed.

MOORE, Circuit Judge (concurring in the result).

This is an action at law for personal injuries and came into the federal court system solely because diversity of citizenship was pleaded. There can be little doubt that a New York state court applying its borrowing statute, N.Y.C.P.A. section 13, would have held, as did Judge Walsh, that the New Jersey two year statute of limitations barred the claim. The plain teaching of Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, that a federal court sitting in a diversity action should apply the same statute of limitations as would a state court, is, in my opinion, disregarded by the majority because of a desire to establish uniformity.

The uniformity established, however, I believe would simply make a confused situation more confounded. As conceded by the majority, the state statute is, in any event, the touchstone; all that the injection of laches accomplishes is to create an additional element of uncertainty.

Moreover, there is no need for establishing this uncertainty. Laches is not an integral part of maritime law. The rationale of Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, in holding that contributory negligence was not a bar was the recognition of and deference to the universal application in admiralty of apportionment rules. Statutes of limitation, however, regulate many admiralty actions,[1] including ones for personal injuries.[2] Admiralty courts merely borrowed the device of laches from equity and applied it to some personal injury actions for want of a better and more explicit limitation.

The majority cites no case where laches has been used to govern an action at law. This is not surprising because such a doctrine, while easily administered by a court sitting as the trier of fact, in jury trials is apt to produce unjust, and in fact, non-uniform results. While the majority here obviates the jury trial requirement by, in effect, awarding summary judgment, the usual practice in this circuit[3] as well as in

---

1. E. g., petitions for limitation of liability, 46 U.S.C.A. § 185; salvage suits, 46 U.S.C.A. § 730; claims under the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6).

2. Death on the High Seas Act, 46 U.S.C.A. § 763; the Suits in Admiralty Acts, 46 U.S.C.A. §§ 745, 782; the Jones Act, 46 U.S.C.A. § 688.

3. The Fulton, 2 Cir., 1931, 54 F.2d 467; see Czaplicki v. The S.S. Hoegh Silvercloud, 351 U.S. 525, 533–534, 76 S.Ct. 946, 951, 100 L.Ed. 1387, reversing a finding by this court on the issue of laches since "there was never an opportunity for Czaplicki to introduce evidence to justify the delay."

others [4] is to have a full hearing on the issue of laches even where the analogous statute of limitations has run.

The effect of the majority decision will be to congest further the already overcrowded personal injury jury calendars. I would apply the state statute of limitations.

4. McDaniel v. Gulf & South American Steamship Co., 5 Cir., 1955, 228 F.2d 189; Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690.