Ernest Raphael EVANS, Plaintiff,

v.

AMERICAN EXPORT LINES, INC., Defendant.

United States District Court
S. D. New York.
July 17, 1959.

Pokorny, Schrenzel & Pokorny, Brooklyn, N. Y., for plaintiff. Charles Pokorny, Brooklyn, N. Y., of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant. M. E. De Orchis, Clifford J. Brenner, New York City, of counsel.

DAWSON, District Judge.

This is a motion by the defendant seeking an order dismissing the complaint and for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is defendant's contention that the cause of action alleged in the complaint is barred by the statute of limitations and laches, and that this Court lacks jurisdiction.

From the papers submitted, and for the purposes of this motion, it appears that the following facts exist without substantial controversy:

Plaintiff originally initiated an action against the defendant in the Supreme Court of the State of New York, County of Kings, on June 3, 1954. The complaint alleged that the plaintiff was injured on or about May 25, 1954 when he was assaulted by a fellow crew member aboard the S.S. Independence. On September 23, 1955 venue was changed from Kings County to New York County. Thereafter, on January 2, 1957, the action was marked "off" the general calendar because of the failure of the plaintiff to file a statement of readiness, as required by the Rules of the Appellate Division, First Department, State of New York. Because the case was not restored to the calendar within one year, pursuant to Rule 302 of the New York Rules of Civil Practice, the action was dismissed on January 3, 1956 for a failure of the plaintiff to prosecute. Thereafter, on December 24, 1958, a motion was made in the state court, *inter alia*, to vacate the dismissal. The court denied the plaintiff's motion in the following opinion:

"This action was marked off the calendar on January 2, 1957, and dismissed pursuant to Rule 302 on January 3, 1958. No legal excuse has been offered to merit the relief prayed for herein. This motion is denied."

Subsequently, on April 30, 1959, this civil suit was commenced on the law side of this court for a breach of warranty of seaworthiness and for negligence.

### Discussion

■■ Since the alleged injury sustained by the plaintiff occurred on the high seas, this action is within the maritime jurisdiction. Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Wilson v. Transocean Airlines, D.C.Cal.1954, 121 F.Supp. 85, and may be brought on the law side of this court, rather than in the admiralty court, under the "saving to suitors" clause of Title 28 U.S.C.A. § 1333. Therefore, since the plaintiff alleges that he is a citizen of Pennsylvania and defendant is a citizen of New York, and the prayer for relief demands a judgment of over $10,000, this Court has proper jurisdiction of this action.

■ This action is brought "at law," although it is a claim which is based on an allegation of "unseaworthiness." Consequently, in its substantive respects, it is controlled by the federal maritime law and the rule is that admiralty principles govern this civil action and override common-law rules. Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636.

■■ Where an action arises out of federal maritime law and is governed by admiralty principles, laches is the proper measure of limitation. Oroz v. American President Lines, supra. The application of laches to a suit based on an unseaworthiness claim is a matter addressed to the sound discretion of the court. However, in deciding whether maritime claims are barred by laches, the courts have usually used analogous state statutes of limitation as a rule-of-thumb to determine the presence or absence of prejudice and inexcusable delay. It should be noted, though, that application of the state statute of limitations is not a matter of right, but depends on the discretion of the trial court. Oroz v. American President Lines, supra.

■ The Oroz case, 2 Cir., 1958, 259 F.2d 636, is similar to the instant case except that there the plaintiff first initiated his action, based on unseaworthiness, more than five years after the accident occurred. The only reason given for the delay in bringing the action was that the plaintiff was ignorant of his rights. The district court [154 F.Supp. 241] stated that this was not a legally sufficient excuse and barred the claim for laches. On appeal it was held that the district court did not abuse its discretion in dismissing the claim. The instant case is similar to Oroz in that here an action was timely commenced but nothing was done about it. To allow plaintiff to bring this action now, after almost five years have elapsed from the date of the accident and after dismissal in the state court for a failure to prosecute, would require a showing of such dili-

gence and a legal excuse which this plaintiff has not exhibited.

Plaintiff contends that this action is not barred because it is brought within six years of the accident, the limitation period being governed by a six-year statute. New York Civil Practice Act, § 48, subd. 3. In support of his contention plaintiff cites Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689. In the Le Gate case, the libel to recover damages for personal injuries, based on a claim of unseaworthiness, was filed three years and five months after the cause of action accrued. The district court dismissed the libel on the grounds of laches since the similar state limitation statute of three years for negligence had run and the libelant failed to show special circumstances excusing the delay in filing the suit. The Court of Appeals reversed and remanded the case with a direction to reconsider the question of laches. The Le Gate case, however, did not specify that the six-year statute was controlling. Rather, it upheld the rule that laches is the proper doctrine to apply to determine whether or not a claim for unseaworthiness is barred. In so doing it held that the court could consider the analogous six-year statute of limitations applicable to a breach of implied warranty of fitness, Blessington v. McCrory Stores Corp., 1953, 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R.2d 698, rather than the three-year negligence limitation, Civil Practice Act, § 49, subd. 6. The court also placed the burden on the respondents to show inexcusable delay and resulting prejudice.

Even in the Le Gate case the court held that the analogous state statute of limitations was not to be applied mechanically without regard to the equities and referred to a Supreme Court opinion which states in part as follows:

> "Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the

parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief. [Citing cases]." Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 13, 96 L.Ed. 31.

In the Gardner case the action was by a passenger to recover for personal injuries sustained aboard a ship owned by the Panama Railroad Company. Plaintiff brought two successive suits, both of which were dismissed for technical reasons. A third action was then started after the applicable local statute of limitations had run. The Court held that the trial court had abused its discretion in dismissing the action for laches. However, it should be noted that there the applicable Panama statute of limitations was one year. In discussing the Gardner case it has been pointed out that

> "The Gardner case obviously involved an exceptionally diligent plaintiff caught in a series of procedural traps not of her own making. In a less extreme case it may be assumed that the appellate courts will not lightly find that the trial court has abused its discretion. * * *" Gilmore and Black, The Law of Admiralty, § 9-80 (1957).

■ From the record of the plaintiff's action in the instant case, it can hardly be said that the plaintiff here has been diligent in the prosecution of this action. Laches has been defined as an inexcusable delay in the assertion of one's rights, Winget v. Rockwood, 8 Cir., 1934, 69 F.2d 326, or a neglect or omission for an unexplained and unreasonable length of time. Pennington Engineering Co. v. Houde Engineering Corp., D.C.W.D. N.Y., 43 F.Supp. 698. In the instant case there has been an inexcusable delay and omission to do that which a party might reasonably be expected to do towards the vindication and enforcement of his rights. After initiating a timely suit in the state court, plaintiff failed to do any-

thing about it with the result that the action was first marked off the calendar and then subsequently dismissed for a failure to prosecute. The state court later denied a motion to vacate the dismissal, since it found no legal excuse to merit such relief. Quite apart from any consideration of the state statute of limitations, plaintiff's conduct of the litigation in the state court, coupled with the lapse now of almost five years in bringing this action, amounts to such a wanton and inexcusable delay as to constitute laches. No legal excuse has yet been offered to justify this gross lack of diligence and unreasonable delay. Under these circumstances, this suit is not timely brought and is therefore barred.

Since there are no genuine issues as to any material facts, for the reasons stated the defendant is entitled to judgment as a matter of law. The complaint should be dismissed. Let judgment be entered accordingly.