**CLEARY BROTHERS, INC., as Owner of the Wooden Deck Scow THE CLEARY BROS. NO. 68, Libelant,**

v.

**LURIA STEEL AND TRADING CORPORATION, Respondent.**

United States District Court
S. D. New York.
Nov. 25, 1960.

**568**

Foley & Martin, New York City, for libelant, James S. Reardon, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for respondent, John G. deRoos, New York City, of counsel.

DIMOCK, District Judge.

Respondent excepts to the libel and seeks its dismissal on two grounds: (1) that it appears on the face of the libel that libelant is guilty of laches; and (2) that the libel lacks the necessary allegation of negligence.

This suit was commenced more than four years after the alleged claim arose to recover for damage which libelant asserts was sustained by its scow while the scow was under demise charter to respondent. The libel alleges that the scow was delivered to respondent in good condition on April 20, 1956, and was returned in damaged condition on May 21, 1956, the damage not being due to ordinary wear and tear.

I shall first consider the question of laches. In applying the doctrine of laches courts of admiralty customarily follow the analogy of the state statute of limitations. Where it appears on the face of the libel that the applicable state statute of limitations has run, the court will grant a motion to dismiss the libel unless the facts pleaded provide a sufficient indication that on the trial the libelant may possibly be able to prove the absence of laches. See, e. g., Redman v. United States, 2 Cir., 176 F.2d 713; Hughes v. Roosevelt, 2 Cir., 107 F.2d 901; The Sydfold, 2 Cir., 86 F.2d 611; Tesoriero v. A/S J. Ludwig Mowinckels Rederi, D.C.S.D.N.Y., 113 F. Supp. 544.

I must regard state law as determinative in finding the applicable statute of limitations in the present action. See Oroz v. American President Lines, 2 Cir., 259 F.2d 636, 639, certiorari denied 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572; Le Gate v. The Panamolga, 2 Cir., 221 F.2d 689; Schiavone-Bonomo Corp. v. Buffalo Barge Towing

Corp., 2 Cir., 132 F.2d 766. It may seem strange at first blush that federal maritime law, which merely incorporates state periods of limitations as rules of thumb into its doctrine of laches, does not itself determine the applicable statute of limitations. If federal maritime law did make this determination there would undoubtedly be far more uniformity with respect to the measure of limitations. Thus, for example, unseaworthiness claims in federal courts would no longer be treated as actions on a contract obligation if the New York statute of limitations governed but not if the New Jersey statute were applicable. Compare Le Gate v. The Panamolga, 2 Cir., 221 F.2d 689, with Oroz v. American President Lines, 2 Cir., 259 F.2d 636, certiorari denied 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572. On the other hand, however, the mere use of state statutes of limitations as rules of thumb leads to divergent results in federal maritime cases, and perhaps treating state law as determinative for the purpose of finding the applicable statute of limitations does not appreciably increase this divergence of result while it does assure a measure of uniformity between state courts and federal courts in the same district.

▪ The parties have submitted this question as though the period of limitation prescribed by the law of the State of New York was the period applicable and I shall so assume.

Libelant contends that the six year statute of limitations governing actions upon express or implied contract obligations, N.Y. Civil Practice Act § 48(1), applies in this case, while respondent asserts that the three year limitation for actions to recover damages for negligent injury to property, N.Y. Civil Practice Act, § 49(6), controls the present suit. The decision of a New York Appellate Term for the First Department in Cleary Brothers v. Baltimore & Ohio R. R. Co., 1954 A.M.C. 471, forecloses the issue in favor of respondent. In that case, as in this, the complaint alleged merely that the scow was delivered by the owner to the charterer in good condition and was returned in a damaged condition. The court held the action barred by the three year limitation for negligence claims, stating: "Although plaintiff does not allege that the damage which is the basis of the suit was caused by defendant's negligence, the common law duty and the implied contractual obligation are one and the same, and the action is for negligence at least for time limitation purposes (Blessington v. McCrory Stores Corp., 305 N.Y. 140 [111 N.E.2d 421, 37 A.L.R.2d 698])."

As a bailee, respondent was liable only for negligent injury to the scow. Even assuming that respondent had made an express promise to return the scow in the same condition as when received, wear and tear excepted, no greater obligation would be imposed than the exercise of ordinary care. See, e. g., Alpine Forwarding Co. v. Pennsylvania Railroad Co., 2 Cir., 60 F.2d 734, certiorari denied 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 559; Berwind White Coal Mining Co. v. United States, 2 Cir., 15 F.2d 366. In such a case, the express contractual obligation and the common law duty would be one and the same and it seems quite clear that under New York law the action would still be for negligence for time limitation purposes. It appears on the face of the libel, therefore, that this suit was commenced more than one year after the three year period prescribed by the applicable New York statute of limitations had elapsed.

It is next necessary to consider whether the facts pleaded provide a sufficient indication that on the trial libelant may be able to prove the absence of laches by establishing that the delay was excusable and that libelant was not prejudiced thereby. See Oroz v. American President Lines, 2 Cir., 259 F.2d 636, certiorari denied 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572. Libelant makes the following allegations in its libel in an attempt to negative laches:

"The subject matter of libelant's cause of action was the subject of

numerous settlement discussions and negotiations between the libelant or libelant's proctors and the respondent or the Insurance Company of North America, respondent's underwriters.

"Voluminous correspondence, commencing May 7th, 1956 was had among these parties in an attempt to resolve this matter without litigation. The respondent has been on notice since May 7th, 1956 of libelant's claim against it."

Respondent on the other hand asserts in its exceptive allegations that no claim was submitted either against it or its underwriter prior to libelant's initiation of an action in the Municipal Court of the City of New York, which was begun after the three year period of limitations and which libelant voluntarily discontinued. Respondent also contends that the only correspondence in its records concerning the subject matter of this action consists of three letters, photocopies of which it has attached to its exceptive allegations. Since, however, affidavits may not be properly considered on exceptions to a libel in an admiralty proceeding, The Sydfold, 2 Cir., 86 F.2d 611; Compagnie Generale Transatlantique v. The City of New York, D.C.S.D.N.Y., 114 F.Supp. 252, I do not think that the photocopies of these letters may be considered.

Libelant's allegations do not aver sufficient facts to prove the absence of laches. The general allegation that there were numerous settlement discussions would not excuse the delay, and the fact that respondent had timely notice of the claim would not of itself rebut laches. Timely notice would enable respondent to prepare its defense but nothing will take the place of prompt institution of suit and the resulting avoidance of prejudice arising from death or forgetfulness of witnesses. Nor is the prior action brought by libelant in the New York court after the three year time bar of any aid in negating laches, although if the suit had been timely in-

itiated it might well have tended to show absence of detriment. See Baez-Geigel v. American Foreign Steamship Corp., D.C.S.D.N.Y., 171 F.Supp. 359, 362.

Respondent's exception to the libel on the ground of laches is thus sustained.

It is thus unnecessary to consider respondent's point that the libel, though deemed to allege negligence for time bar purposes, does not allege negligence for the purposes of statement of a claim.

The exception on the ground of laches is sustained. The libel is dismissed with leave to amend.

So ordered.