Antonio **SOTO GALAN**, Plaintiff,

v.

**AMERICAN UNION TRANSPORT, INC.,** and **Transamerican Steamship Corp.,** Defendants.

**Civ. No. 292–59.**

United States District Court
D. Puerto Rico,
San Juan Division.
March 12, 1962.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendants.

RUIZ–NAZARIO, Chief Judge.

This action is now before the Court on defendant's motion to dismiss based on the running of the statute of limitations.

In the complaint in this civil action, originally filed in the United States District Court for the Southern District of New York on July 17, 1959, it is alleged that the accident on which relief is claimed herein occurred in Puerto Rico on or about June 20th, 1958, i. e. one year 27 days prior to such date of filing.

The action has been transferred to this Court and defendants have moved that it be dismissed for failure to state a claim against them upon which relief can be granted, in that it appears on the face of the complaint that the action is barred by the provisions of Sec. 1868 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298.

Plaintiff contends that the Puerto Rican Statute of Limitations cannot be applied because the action was originally filed in New York and it is the law of that State on the subject the one which governs.

It makes no difference that the action was filed in New York. The accident occurred in Puerto Rico and if the action had remained in New York, the New York Court, under Sec. 13 of the New York Civil Practice Act would have had to borrow the Puerto Rican Statute of Limitations.

Therefore, under Oroz v. American President Lines Inc., 259 F.2d 636 (2d Cir.) and Abrams v. Lykes Bros. S.S. Co., 1959 (U.S.D.C.S.D.N.Y.) 1959 A.M.C. 1541, this Court has to treat the question as one of laches to which the local statute of limitations may be used as a rule-of-thumb.

However, under the above cited cases, plaintiff should be given an opportunity to show that defendant was not prejudiced by the 27 days delay.

The motion to dismiss is granted, with leave to plaintiff to file an amended complaint within a period of twenty days, from the date of notice of this order, pleading facts showing that defendants were not thus prejudiced.

It is so ordered.