**Dujo ANTOLOS, Plaintiff,**

v.

**MINISTERE de LA MARINE MARCHANDE and Compagnie Generale Trans-Atlantique, also known as French Line, Defendants.**

United States District Court
S. D. New York.
Dec. 28, 1962.

Di Costanzo, Klonsky & Sergi, Brooklyn, N. Y., for plaintiff; Robert Klonsky, Brooklyn, N. Y., of counsel.

Edwin Longcope, New York City, for defendant Ministere de la Marine Marchande; Edwin Longcope, Robert S. Blanc, Jr., New York City, of counsel.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for Compagnie Generale Trans-Atlantique, also known as French Line; Edwin Longcope, Robert S. Blanc, Jr., New York City, of counsel.

McLEAN, District Judge.

This is an action to recover damages for personal injuries allegedly sustained by plaintiff, a longshoreman, by reason of defendants' negligence and the unseaworthiness of defendants' vessel. Although the complaint alleges a maritime tort, this action is brought at law under the "saving clause." 28 U.S.C. § 1333(2).

Jurisdiction is based on diversity of citizenship.

Defendants move to dismiss the amended complaint as time barred. The amended complaint was filed in this court on July 9, 1962. A supplemental summons and the amended complaint were served on one defendant on July 12, 1962, and a second supplemental summons and the amended complaint were served on the other defendant on August 20, 1962.

The accident complained of occurred on August 27, 1956, within the State of New York. In January 1960, plaintiff's leg was amputated, allegedly as a result of the accident. Defendants argue that plaintiff's delay of almost six years in bringing this action should bar it.

Plaintiff's claim for negligence, even if asserted beyond the limitation period, may be joined with an unseaworthiness claim timely commenced. Le Gate v. The Panamolga, 221 F.2d 689 (2d Cir., 1955); Oroz v. American President Lines, 259 F.2d 636 (2d Cir., 1958).

Thus only the question of whether there is a bar to the unseaworthiness claim need be considered.

The proper limitation period for maritime claims brought at law is the admiralty doctrine of laches. Oroz v. American President Lines, supra.

The question of whether laches should bar a suit is primarily within the discretion of the court. Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

However, in Oroz v. American President Lines, supra, the Court of Appeals indicated that local limitation statutes are to be used as rules of thumb in determining prejudice and inexcusable delay. The court said (259 F.2d 636 at 639):

"If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred."

The question arises, therefore, as to what New York statute should be used as a rule of thumb in this case.

The New York Civil Practice Act provides two limitation periods for actions to recover damages for personal injuries. Section 48(3) provides for a six-year limitation for all personal injury actions, except where another period is expressly prescribed. Section 49(6) is the only other express provision. It prescribes a three-year limitation period for actions to recover damages for a personal injury resulting from negligence.

 It is clear that unseaworthiness is a species of liability without fault which is not limited by conceptions of negligence. Seas Shipping Co. Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

Thus even if a claim of unseaworthiness is tortious, as defendant argues, the three-year negligence provision is not applicable. In Johnsen v. McAllister Lighterage Lines Inc., 8 App.Div.2d 831, 190 N.Y.S.2d 117 (1959), the New York court specifically held that the three-year period of Section 49(6) did not apply to a claim of unseaworthiness, which instead was covered by the six-year period of Section 48(3). To the same effect is Le Gate v. The Panamolga, supra. Those decisions are controlling here.

Oroz v. American President Lines, supra, cited by defendants, is not pertinent on this point. The accident involved in that case occurred in New Jersey waters, and consequently the New Jersey limitation period applied. A New Jersey statute, as construed by the New Jersey courts, provided for a two-year limitation period for all personal injury claims, whether based upon tort or contract. The Court of Appeals held that this statute applied to an action for unseaworthiness, rejecting plaintiff's claim that a six-year statute for claims based on contracts was applicable. The Court of Appeals nowhere discussed the entirely different statutory scheme of New York, nor did the court cast any doubt on its earlier decision in Le Gate v. The Panamolga, supra.

Since the six-year provision is applicable here, a presumption arises that defendants were not prejudiced by the delay. Oroz v. American President Lines, supra

Defendants have brought forth no facts which would tend to overcome this presumption. On the other hand, plaintiff has shown a reason for at least part of his delay. He claims that the true nature of his injuries did not become evident until almost three years after the accident. In these circumstances, the court, in the exercise of its discretion, holds that the action is not barred by laches.

Motion denied. So ordered.