Green PHILLIPS, Plaintiff,

v.

**LUCKENBACH STEAMSHIP CO., Inc.,**
Defendant.

United States District Court
S. D. New York.

Feb. 26, 1964.

Henry Isaacson, New York City, for plaintiff; Alvin Quasha, New York City, of counsel.

Dorsey, Burke & Griffin, New York City, for defendant; Gerald F. Greene, Jr., New York City, of counsel.

McLEAN, District Judge.

This is a seaman's action which, according to the complaint, is brought under the Jones Act (46 U.S.C. § 688). The complaint contains three counts. The first is for personal injuries allegedly sustained by plaintiff by reason of defendant's negligence and the unseaworthiness of defendant's vessel. The second is for maintenance and cure. The third is for defendant's alleged failure to furnish plaintiff adequate medical care.

Defendant moves for summary judgment dismissing all three counts on the ground that they are barred by the statute of limitations and by laches.

The accident occurred on May 9, 1958 in California territorial waters. Plaintiff then was and has continued to be a resident of California. This action was begun on April 8, 1963, some four years and eleven months after the accident.

The Jones Act gives to "[a]ny seaman who shall suffer personal injury in the course of his employment" the right to maintain an action at law for damages against his employer (46 U.S.C. § 688).

The statute of limitations applicable to such an action is three years (45 U.S.C. § 56). Hence, if the court were to accept at face value plaintiff's allegation that his entire action is based on the Jones Act, no further consideration would be required to determine that the entire action is barred. It would not be fair to plaintiff to dispose of the question so summarily, however, for there is more to the problem than plaintiff apparently realized when he thus characterized his action in his complaint. Each claim of plaintiff will be separately considered.

It is clear that so much of the first count as alleges a claim based on defendant's negligence is indeed a claim under the Jones Act. That claim is barred by the three-year statute.

As to the remainder of the first count, which alleges a claim based on unseaworthiness, different principles apply. To such a claim, the proper limitation period is that afforded by the maritime doctrine of laches. Oroz v. American President Lines, 259 F.2d 636 (2d Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959).

In the final analysis, whether laches bars an action lies within the court's discretion. Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

In exercising that discretion, the court will look to the applicable state statute of limitations as a rule of thumb. In Oroz v. American President Lines, supra, the Court of Appeals said (259 F.2d 636 at 639):

"If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred."

More recently, in Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963), the Court of Appeals has stated the rule as follows (316 F.2d 63 at 66):

"When the suit has been brought after the expiration of the state limitation period, a court applying

maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the court asks why it should not be."

This court looks first to the New York law. Section 13 of the Civil Practice Act provides:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply." *

█ Thus, the shorter of the two statutes of limitations, New York or California, governs. Oroz v. American President Lines, supra.

Under the Civil Practice Act, the New York statute of limitations applicable to a claim based upon unseaworthiness has been held to be six years. Johnsen v. McAllister Lighterage Lines Inc., 8 A.D. 2d 831, 190 N.Y.S.2d 117 (1959).

The statutory period in California is considerably shorter.

█ The applicable period in California is either one year, prescribed for an action for an injury "caused by the wrongful act or neglect of another" (California Code of Civil Procedure, § 340(3)), or two years, prescribed for "[a]n action upon a contract * * * not founded upon an instrument of writing" (Section 339). Although it would appear from Zellmer v. Acme Brewing Co., 184 F.2d 940 (9th Cir. 1950), that, as a matter of California law, the one year statute is the proper one, it is unnecessary in this case to choose between one year and two. Two years is the long-est possible period in California. The Supreme Court has held, however, in McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958), that the rule of thumb for an unseaworthiness claim under maritime law cannot be less than the three-year statute of limitations prescribed for the negligence claim under the Jones Act. It follows that the rule of thumb period in this case is three years. This action was begun after the expiration of that period. Consequently, the court must now "ask why the case should be allowed to proceed."

Plaintiff's delay is inexcusable. Plaintiff claims that he was afraid to sue because the captain of defendant's vessel told him that "it would be to my best interest that if I cared to continue to ship with the company, not to bring any action for damages against the Luckenbach Steamship Company."

Plaintiff says that in April 1963 "I was advised by a fellow union member that I should consult with an attorney to determine whether my claim might be prosecuted to a just result."

Defendant's affidavits make it clear, however, (1) that plaintiff consulted an attorney in September 1958, only a few months after the accident, and (2) plaintiff resigned from defendant's employ on February 11, 1959. Apparently he was again employed by defendant for a brief period, August 19 to November 17, 1959, but not thereafter. There would seem to be no reason for plaintiff to fear the wrath of defendant after November 17, 1959, yet he continued to delay for more than three years before starting suit.

There is evidence to indicate that defendant has been prejudiced by this delay. On October 20, 1959, defendant sold the vessel on which the accident occurred. Its officers and crew are no longer in defendant's employ. These circumstances make defendant's task of investigating and preparing the case diffi-

---

* Section 202 of the New York CPLR in effect since September 1, 1963, is in substance the same.

cult. It is true that this difficulty arose initially upon the sale of the vessel which occurred within three years from the date of the accident, so that defendant would have encountered it to some extent even if plaintiff had begun his action within the three years. Defendant's present predicament is worse, however, than it would have been if plaintiff had sued in time. The more time goes by, the harder it becomes to locate peripatetic seamen and to induce them to testify for a former employer.

The court has considered all the evidence, as it is required to do by Larios v. Victory Carriers, Inc., supra. Having done so, the court, in the exercise of its discretion, holds that the unseaworthiness claim is barred by laches.

Plaintiff's second count is for maintenance and cure. This claim is not based on the Jones Act, but rather upon an ancient doctrine of the maritime law. See Gilmore & Black, Law of Admiralty, p. 261 (1957).

Here again, the question is whether the claim is barred by laches. It has been held that a cause of action for maintenance and cure is contractual in nature. Marshall v. International Mercantile Marine Co., 39 F.2d 551 (2d Cir. 1930).

The New York statute of limitations is six years. Civil Practice Act § 48(1); CPLR § 213.

But again the California period is shorter. California Code of Civil Procedure, § 339 prescribes a two-year period for an action on a contract not founded on an instrument in writing. That would seem to be what this claim is, for plaintiff relies, not upon an express written contract, but upon an obligation implied by the maritime law. Even if, under the rule of McAllister v. Magnolia Petroleum Co., supra, the period is to be increased to three years (which is not necessarily true here, for the McAllister case did not involve maintenance and cure), a three year rule of thumb would apply to this claim, even if we accept plaintiff's contention that he was entitled to maintenance and cure not only in 1958, but also from February to August 1959.

What has been said heretofore concerning the inexcusable character of plaintiff's delay and the prejudice to defendant applies here. The second count is thus barred by laches.

Plaintiff's third count is for damages allegedly caused by defendant's failure to provide adequate medical care. Such a claim has been held to be a claim for negligence under the Jones Act. Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932).

If so, it is automatically barred by the three-year statute of limitations. Even if the claim were to be considered akin to a claim for maintenance and cure, what has been said before with respect to the second count applies here and the claim is thus barred by laches. On either theory the claim embodied in the third count was asserted too late.

Defendant's motion for summary judgment is therefore granted with respect to the entire complaint.

So ordered.