**WEST AFRICAN STEAMSHIP COMPANY, Owner of the MOTOR VESSEL ANDREAS, Plaintiff,**

v.

**McALLISTER BROTHERS, INC., et al., Defendant.**

**No. 67 Civ. 4105.**

United States District Court
S. D. New York.

July 12, 1968.

Zock, Petrie, Sheneman & Reid, New York City, for plaintiff; by Howard M. McCormack, New York City, of counsel.

Healy & Baillie, New York City, for defendant; by Bruce A. McAllister, New York City, of counsel.

POLLACK, District Judge.

The defendant in an admiralty case, moves to dismiss the complaint herein on the ground of laches. The complaint was served four and a half years after the incident giving rise to this litigation.

On April 17, 1963 the S.S. ANDREAS and the Barge PITTSTON #20 collided. The S.S. ANDREAS was moored at 138th Street in the East River and the Barge PITTSTON #20 was under the control of the Tug DOROTHY A. McALLISTER in the River.

On April 30, 1963 a survey on board the ANDREAS was attended by all parties. Approximately one year later the ANDREAS was repaired. Pursuant to notice thereof the Owners of the Barge and of the Tug attended at the repair through their own or their underwriters' surveyors.

Communications with a view to settlement occurred in 1965 and 1966 when the Tug's owners agreed to review the claim without prejudice; the plaintiff's attorneys were particularly told in November, 1966 that there was a defense of laches and that the review would be without prejudice thereto. The suit was not filed until one year later, on October 27, 1967. Three letters to the Tug's owners were written in the interim.

In September, 1967, the Tug's Captain at the time of the accident, died. He was the only man in the wheelhouse of the Tug when the collision occurred. He made out a routine report at the time. The attorneys for the owners of the Tug did not interview the Captain before he died to ascertain from him the conditions and circumstances under which the collision occurred. They now say that the plaintiff's laches in bringing suit frustrated the ability of their client to formulate and substantiate a defense to the complaint.

There is no doubt that the extent of the damage to the S.S. ANDREAS was contemporaneously known to the defendants. However, no one seems to have investigated or considered the reasons for the incident, or the question of fault. The Tug's owners were aware of the claim against it of the S.S. ANDREAS and in fact had settled the claim of the owners of the Barge for damage to it when the Tug ran the Barge into the side of the moored ANDREAS. A deposition taken by the plaintiff of a representative of the owners of the Tug indicated that there was a deck hand and engineer on watch and that the Captain appeared to indicate that the tide and wind had caught and propelled the Tug and Barge into the collision.

The plaintiff charges the Tug Captain with negligence in failing to anticipate the effect of the wind and tide. It points out that the deck hand and the engineer are still available and have not been interviewed by the defendant. Plaintiff urges that there is a presumption of negligence in running into a properly moored vessel.

■ The period limited by State law for commencement of an action for negligent injury to property is three years from the time the cause of action arose. N.Y. CPLR § 214(4). A Federal Court sitting in Admiralty applies the doctrine of laches to the question of a timely commencement of a suit and State limitary periods are customarily the guide to be followed. Redman v. United States, 176 F.2d 713 (2d Cir. 1949).

■ The burden is on the plaintiff to negative laches; detriment to the defendant is presumed from delay for the statutory period unless the contrary be shown. Redman v. United States, supra, at p. 715.

No special circumstances are shown here by the plaintiff to excuse its laches. It was specifically alerted over a year prior to commencement of the suit that the defendant was then asserting laches and unexcused delay followed for another year nevertheless. It was during this time that the Captain of the Tug died thereby increasing the presumed prejudice to the defendant from delay by itself.

The opposing papers emphasize that the defendant had timely notice of the prospective claim and that there was a stream of communications looking for a settlement. This does not excuse the failure timely to sue.

"The general allegation that there were numerous settlement discussions would not excuse the delay, and the fact that respondent had timely notice of the claim would not of itself rebut laches. Timely notice would enable respondent to prepare its defense but nothing will take the place of prompt institution of suit and the resulting avoidance of prejudice arising from death or forgetfulness of witnesses." (Cleary Brothers, Inc. v. Luria Steel and Trading Corp., 198 F.Supp. 567, 570 (S.D.N.Y. 1960))

■ Plaintiff now claims that the incident was a plain case of negligence on defendant's part. If plaintiff's liability was indeed clear, plaintiff was not impeded by any lack of merit in asserting the claim promptly. There is no suggestion that the defendant in any way caused, induced or was responsible for delay or deterring the plaintiff from bringing suit. Considering all the circumstances herein, the equities favor the defendant. No sufficient legal excuse has been shown for the inordinate lapse of time in the commencement of this suit.

Complaint dismissed.

So ordered.