Dionisio Diaz **TEXIDOR**, Plaintiff,

v.

**E. B. AABY'S REDERI A/S**, Defendant and Third-Party Plaintiff,

v.

**FRED IMBERT INC.** and Commercial Insurance Company, Third-Party Defendants.

Civ. No. 75–71.

United States District Court, D. Puerto Rico.

Sept. 1, 1972.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

Hartzell, Fernandez, Novas & Ydrach, San Juan, P. R., for defendant and third-party plaintiff.

Charles A. Cordero, San Juan, P. R., for third-party defendants.

## ORDER

TOLEDO, District Judge.

E. B. Aaby's Rederi, defendant in this case, brought a third party complaint against Fred Imbert, Inc. and Commercial Insurance Company. The original complaint was filed by the plaintiff longshoreman alleging damages brought about by the defendant's supposed unseaworthy vessel, or by its allged negligence. The third party defendants answered the third party complaint on November 29, 1971, generally denying the liability alleged against it, and setting forth certain affirmative defenses. The third party complaint alleges that Fred Imbert, Inc., as stevedoring contractor, is liable to the defendant because the third party defendant created the unseaworthy condition alleged by the plaintiff and, furthermore, carried its work in such an improper and unsafe way as to breach its warranty to the defendant.

The plaintiff filed a motion to strike some of the third party defendants' affirmative defenses. We will discuss each objection to third party defendants' affirmative defenses separately:

I.—*The Second Affirmative Defense Reads As Follows*:

"The third party plaintiff's complaint and the plaintiff's complaint are barred because of the prescriptive statute 31 LPRA 5298."

Since this defense contains in reality two distinct defenses, one against the complaint and one against the third party complaint, we will only consider that defense which relates to the original complaint. Whether or not the statute of limitations defense is improper as alleged against the third party plaintiff is an issue which must be brought up by the third party plaintiff and not by the plaintiff.

It is quite clear that a third party defendant may present defenses against the original complaint. See Rule 14(a). A statute of limitations defense is one which is recognized as an affirmative defense under Rule 8(c). The plaintiff argues that under Rule 12(f) said defense should be stricken because it constitutes an "insufficient defense", in that the applicable law is the Commonwealth of Puerto Rico Workmen's Compensation Act, 11 L.P.R.A., Section 32, and the doctrine of Laches as applied in maritime cases.

■ We agree with the plaintiff that this defense is insufficient and, therefore, should be stricken. What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question. Federal Practice and Procedure, Wright and Miller, Vol. 5, Section 1381, p. 791. It has been held that the equitable doctrine of Laches, rather than state or local statutes of limitations, apply to maritime actions, Oroz v. American President Lines, 259 F.2d 636 (2 Cir., 1958); Claussen v. Mene Grande Oil Co., C.A., 275 F.2d 108 (3 Cir., 1960). This is so, even though state prescriptive statutes may be used as a rule of thumb as to the presence or absence of prejudice and inexcusable delay, Oroz, supra, 259 F.2d p. 639. The applicable statute to be used as a yardstick in cases which involve a prior workman's compensation claim, is 11 L.P.R.A., Section 32,[1] and not 31 L.P.R.A., Section 5298. Waterman Steamship Corp. v. Rodríguez (1 Cir., 1961) 290 F.2d 175; Vega v. The Malula, 291 F.2d 415 (5 Cir., 1961), at p. 417. In any event, the third party defendants' affirmative defense, as alleged, is insufficient as a matter of law and, therefore, must be stricken as regards the plaintiff's suit. Since we feel it improper to strike such defense as against the third party complaint, said defense must be modified as respects allusion to the plaintiff's suit, and is allowed to stand as respects the third party complaint.

## II.—The Third Affirmative Defense Reads As Follows:

"Third party defendant Fred Imbert has immunity under law because at the time of the alleged incident they were the employer of plaintiff."

■ The plaintiff again alleges that said defense is insufficient. Plaintiff takes the position that Colón Núñez v. Horn Linie, 423 F.2d 952 (1 Cir., 1970), eliminated the statutory defense of "employer" under the Puerto Rico Workmen's Compensation Act. The plaintiff's position is ill taken. This case only eliminated such defense as respects third parties, mainly the uninsured shipowner. As stated by the court itself, the holding of that case is the following:

"We therefore overrule Musick v. Puerto Rico Telephone Co., supra, and hold that, under Puerto Rican law, a longshoreman employed by an independent, insured stevedoring contractor may sue a shipowner for injuries caused by the shipowner's negligence or the unseaworthiness of his vessel."

This result is, of course, consistent with the Puerto Rico Workmen's Compensation statute which specifically provides for a third party action, 11 L.P.R.A., Section 32. But this decision does not alter an insured employer's rights

---

1. Section 32. Third party; subrogation

In cases where the injury, the occupational disease, or the death, entitling the workman or employee, or his beneficiaries, to compensation in accordance with this chapter, has been caused under circumstances making third parties liable for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third party liable for said injury, disease, or death, within one year following the date when becomes final the decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

under the law to be immune from suit. Plaintiff's motion to strike this defense is, therefore, denied.

III.—*Third Party Defendants' Fourth Affirmative Defense, Reads As Follows:*

"Damages claimed by plaintiff are exaggerated and speculative."

■ The plaintiff alleges that such a defense does not constitute an affirmative defense, and being impertinent therefore should be stricken. We agree with the plaintiff. This defense constitutes in reality a negative defense that is to say, a denial of responsibility, and in this sense is redundant since such a denial is contained in the third party defendants' answer to the third party complaint. As stated by this Court in Gilbert v. Eli Lilly & Co., Inc., 56 F.R.D. 116, (D.C.P.R., 1972):

"This Court is also of the opinion that codefendant Eli Lilly & Co., Inc.'s affirmative defense number 9, whereby the damages claimed by the plaintiff are, as an affirmative defense, said to be exaggerated and speculative, is not an affirmative defense but a negative defense, encompassed under the general denial made by this codefendant of plaintiff's assertion related to the damages he has suffered and, as such, must be stricken. Likewise, this is not to say that at trial, this codefendant cannot present evidence to prove that the damages suffered by the plaintiff are not as high as he alleges they are."

Therefore, we are bound to strike the third party defendants' fourth defense, with the observation that they may bring evidence during the trial to contradict the plaintiff's position on the damages actually suffered by him.

In view of all the foregoing, it is hereby

Ordered, that the third party defendants' second defense is stricken as it relates to the original complaint and allowed to stand as it relates to the third party complaint. It is further

Ordered, that plaintiff's motion to strike the third party defendants' defense number three is hereby denied. It is also further

Ordered, that third party defendants' fourth defense, erroneously numbered number 5, is hereby stricken from the third party defendants' answer.