**PREVEZA SHIPPING COMPANY, Inc. as owners of the S.S. THEO-NYMPHOS TINOU, Plaintiff,**

v.

**SUCREST CORP., Defendant.**

**66 Civ. 3786.**

United States District Court
S. D. New York.

March 28, 1969.

Poles, Tublin, Patestides & Stratakis, New York City, for plaintiff, Constantine P. Georgiopoulos, New York City, of counsel.

McLaughlin, Fiscella & Biancheri, New York City, for defendant, John Furman, Jr., New York City, of counsel.

## OPINION

BRYAN, District Judge:

This is an action in admiralty to recover damages sustained by plaintiff's vessel when it grounded in the approaches to defendant's berth. Defendant now moves, pursuant to Rule 12(c) F.R.Civ.P., for judgment on the pleadings, on the ground that suit is barred by the statute of limitations or laches. Since matter outside the pleadings has been presented by the affidavits of the parties, the motion will be treated as one for summary judgment under Rule 56 F.R.C.P.

Plaintiff, Preveza Shipping Company, Inc. (Preveza), is a Liberian corporation and the owner of the S.S. Theonymphos Tinou, a Lebanese flag vessel. On or about October 9, 1963 a charter party was entered into between Tsakalotos Navigation Corp., an agent for Preveza and Intercoastal Carriers, S.A. (Intercoastal), a subsidiary of Olivarria & Co., Inc. (Olivarria). Olivarria had agreed to sell sugar to defendant Sucrest Corp. (Sucrest) which was to be delivered by the Tinou at Sucrest's pier in Brooklyn. On December 10, 1963 the vessel arrived at the vicinity of the pier and went aground, allegedly because of insufficient water depth, with resultant damage to plaintiff's vessel of $16,130.60. It is alleged that the grounding and resultant damages were caused solely by defendant's negligence.

The complaint in admiralty was filed in this court on November 9, 1966, two years and eleven months after the grounding occurred. However, the summons and complaint were not served upon defendant Sucrest until April 6, 1967, almost three years and four months after the grounding.

It appears that Sucrest, while not apprised of the institution of suit against

it until service was made, was given notice as early as January, 1965 of the circumstances of the grounding and was forewarned that plaintiff Preveza intended to pursue its claim. At that time Olivarria notified Sucrest that Preveza was making a claim against the charterers under an arbitration agreement and asked Sucrest to choose an arbitrator to act on its behalf. Since Sucrest had not been a party to the charter party agreement, it declined to take part in the arbitration. Sucrest concedes, however, that the notice of January 1965 intimated that ultimate responsibility for the accident rested with Sucrest. In any event, an arbitration award in favor of Preveza against Intercoastal for $8,077.82 was made on June 14, 1965 and was confirmed on October 1, 1965 by an order of Judge Tyler. After it became apparent that Olivarria and Intercoastal were financially unable to satisfy the arbitration award, Preveza commenced this action against Sucrest.

■ It is plain that this action is not barred by the New York three year statute of limitations applicable to claims based upon negligent injury to property. N.Y.C.P.L.R. § 214. Unlike suits founded on diversity of citizenship, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1946), claims in admiralty are not time limited by the state statute of limitations. Oroz v. American President Lines, 259 F.2d 636 (2d Cir. 1958). Instead, the admiralty doctrine of laches is applied to limit the time within which suit must be brought. Oroz v. American President Lines, supra; Prol v. Holland-America Line, 234 F.Supp. 530 (S.D.N.Y.1964); Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963); United New York Sandy Hook Pilots Association v. Rodermond Industries, Inc., 394 F.2d 65 (3rd Cir. 1968). However, the state statute of limitations is not without significance in maritime claims for it may be used as a guide in measuring prejudice to the defendant. The Court of Appeals for this circuit said in Oroz:

"Although laches is the proper measure of limitation, it has long been settled doctrine that, in deciding whether maritime claims are barred by laches, courts of admiralty will use local limitation statutes as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay. If the statute has run, prejudice by reason of inexcusable delay is presumed in the absence of a showing to the contrary; if it has not run, the converse is inferred." 259 F.2d at 639.

In the later case of Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963), however, the court adopted a more flexible approach for determining prejudice. It held that the fact that a suit was commenced before or after the running of the analogous state statute of limitations would not determine who had the technical burden of proof on the issue of prejudice. Rather "When the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the court asks why it should not be." (Id. at 66.)

■ Applying this standard, a plaintiff who delays bringing suit until after the state statute has run must present some evidence excusing his delay. Once having met this preliminary burden, the court is to consider the legitimacy of the excuse, the inference to be drawn from the running of the state statute, the length of the delay, and evidence of prejudice adduced by the defendant. The factors of excuse and prejudice "are not to be viewed independently. A weak excuse may suffice if there has been no prejudice; an exceedingly good one might still do even when there has been some." Id. at 67.

■■ On the other hand, if the state statute of limitations has not run but there has been inexcusable delay in commencing suit accompanied by prejudice

to the defendant, laches might well be a good defense. "Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well." Gardner v. Panama R. Co., 342 U.S. 29, 30–31, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951). See Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

■ Thus, the first question is whether the three year statute of limitations applicable to property damage claims in New York has run. It is agreed that the complaint was filed 2 years and 11 months after the grounding, but that the summons and complaint were not served until 5 months later. Rule 3, F.R.C.P., provides that an action in the federal courts is commenced when the complaint is filed. However, the New York rule is that an action is commenced when the summons is served. C.P.L.R. § 303. In a diversity action based on state law a federal court must follow the state rule as to the time when an action is commenced for statute of limitations purposes. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L. Ed. 1520 (1949). Ragan carried Guaranty Trust Co. of New York v. York, supra, which directed federal courts to apply state limitation periods in diversity cases, to its logical conclusion. Since the plaintiff in Ragan would have been barred from prosecuting his suit in a state court, the court concluded that the spirit of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), would be undermined by holding that the state statute of limitations was tolled merely by the filing of the complaint in a federal court, despite the explicit Rule 3, F.R.C.P., covering the subject. While the court has apparently retreated from the reasoning in Ragan, see Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), it is clear in

any event that the case at bar, where jurisdiction is based on federal maritime law and not on diversity, involves considerations different from those which led to the result in Ragan.

In Bomar v. Keyes, 162 F.2d 136 (2d Cir. 1947), an action based upon the Civil Rights Act and not on diversity, it was held that the filing of the complaint pursuant to Rule 3, F.R.C.P., rather than the service of summons as provided by § 17 of the New York Civil Practice Act, tolled the statute of limitations. The Supreme Court in Ragan distinguished Bomar on the ground that a federal rather than a diversity claim was being asserted. 337 U.S. at 533, 69 S.Ct. 1233.

In Messenger v. United States, 231 F. 2d 328 (2d Cir. 1956), an action under the Federal Torts Claim Act, 28 U.S.C. §§ 1346, 2401, 2671 et seq., the complaint was timely filed under Rule 3, F.R.C.P., but service was never completed. In the meantime the two year statute of limitations had run. A motion to dismiss was made on the ground that there was lack of diligent prosecution within the meaning of Rule 41(b), F.R.C.P. Judge Medina said:

"Rule 3 clearly provides 'A civil action is commenced by filing a complaint with the court.' When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days 'unless within that period the court for good cause shown extends the time for service.' * * * In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided 'a method available to attack unreasonable delay in prosecuting an action aft-

er it has been commenced." Id. at 329.

Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co., 347 F.2d 921 (8th Cir. 1965), held that in a federal antitrust action with a federal statute of limitations applicable, the action was commenced for tolling purposes when the complaint was filed and there was no requirement that the summons be diligently served except as might be imposed by Rule 41(b).

 The case at bar is clearly a federal claim for relief based on maritime law. However, the state limitation period is looked to in order to assess more readily claims of laches. Thus, the case is different from Bomar and Moore, which involved federal claims governed by federal statutes of limitations. When a federal statute of limitations is involved there is no reason for not applying the federal rule that the statute of limitations is tolled when the complaint is filed in favor of the state rule that only the service of the summons suspends the running of the statute.

Here, while no federal statute of limitations is applicable, in my view the federal rule as to time of commencement of an action should be applied. Accordingly, the filing of the complaint in this court tolled the statute. Rule 3 unequivocally provides that an action is commenced when the complaint is filed. Since the complaint was filed 2 years and 11 months after the claim accrued, it is clear that the state statute of limitations has not run.

As has been said, the fact that the statute of limitations has not run is not determinative on the question of laches. Preveza has not satisfactorily explained the delay in instituting suit. Sucrest, on the other hand, claims that a key witness has left its employ since the grounding and is now too ill to testify. However, defendant fails to name the witness and does not state the substance of what he would testify to or when he became ill. Sucrest also asserts that certain records and documents important to its defense are no longer available, but it fails to detail its prejudice beyond this. On these papers Sucrest has not made a sufficient showing of prejudice to entitle it to judgment at this stage of the case. Since the New York statute of limitations has not run, the "ultimate burden of persuasion" as to both prejudice and lack of excuse must rest on the defendant, and this is a question to be resolved at trial.

The motion of defendant Sucrest is in all respects denied.

It is so ordered.