**ESSO TRANSPORT COMPANY, INC.,**
**Plaintiff,**

v.

**TERMINALES MARACAIBO, C. A.,**
**Defendant.**

No. 72 Civ. 3121.

United States District Court,
S. D. New York.

April 17, 1973.

Kirlin Campbell & Keating, New York City, for plaintiff; Ralph C. Kreimer, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for defendant; Michael Marks Cohen, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This is an action in admiralty arising out of a collision between plaintiff's vessel, the S. T. Esso Aruba, and the S.S. Wapello which was under tow of defendant's tugs, Cardon and Rosa F. The Esso Aruba is of Panamanian registry; the defendant's tugs are registered in Venezuela. The collision occurred on November 13, 1969, approximately eight miles off the Venezuelan coast between that coast and the island of Aruba. This action was commenced on July 21, 1972. Its motion to dismiss on the ground of *forum non conveniens* having been previously denied by this Court (352 F.Supp. 1030), defendant now moves for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on the ground of laches.

In deciding the issue of laches, the Court is to be guided but not controlled by the appropriate analogous statute of limitations. The limitation statute is looked to "as a rule-of-thumb as to the presence or absence of prejudice and inexcusable delay." Oroz v. American President Lines, 259 F.2d 636 (2d Cir. 1958); *see also,* Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963).

In Bournias v. Atlantic Maritime Co., 220 F.2d 152 (2d Cir. 1955), the Court of Appeals stated:

"The general rule appears established that for the purpose of deciding whether to apply local law or foreign law, statutes of limitations are classified as 'procedural.' Stumberg, Conflict of Laws 147 (1951); Lorenzen, Statutes of Limitation and the Conflict of Laws, 28 Yale L.J. 492 (1919). Hence the law of the forum controls. See Order of United Commercial Travelers v. Wolfe, 1947, 331 U.S. 586, 607, 67 S.Ct. 1355, 91 L.Ed. 1687; Janes v. Sackman Bros. Co., 2d Cir., 1949, 177 F.2d 928. This rule has been criticized as inconsistent with the rationale expressed above, since the foreign statute, unlike evidentiary and procedural details, is generally readily discovered and applied, and a difference in periods of limitation would often be expected to influence the choice of forum. Lorenzen, supra; Stumberg, op. cit., supra. The rule is in fact an accident of history. Lorenzen, supra; see also Developments in the Law—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1187 (1950). And although it may perhaps be explained as a device for giving effect to strong local policies on limitations, this explanation would not satisfy the objections of its critics. Lorenzen, supra. Be all this as it may, this general rule is firmly embedded in our law." 220 F.2d at 154.

*Accord,* Argyll Shipping Co. v. Hanover Insurance Co., 297 F.Supp. 125 (S.D.N.Y.1968). The statute of limitations of the forum was applied in both *Bournias, supra,* and *Argyll, supra,* even though foreign substantive law was recognized to be controlling.

Applying the *Bournias* rule to the present case, the Court must look to New York law to see if the analogous statute of limitations has run. New York's "borrowing statute," CPLR § 202, is not applicable to the instant case. The courts of the United States have consistently deferred to the judgment of the legislative and executive branches in refusing to recognize claims by other nations to a territorial sea greater than three miles in breadth. Restatement (Second) of the Foreign Relations Law of the United States § 15 Reporters' Note 1. The collision, approximately eight miles off the Venezuelan coast, must be viewed as occurring on the high seas so that no other jurisdiction's law would be applicable under CPLR § 202. The analogous New York statute of limitations is CPLR § 214(4) which provides that an action to recover damages for an injury to property must be commenced within three years. It is, therefore, clear that the commencement of this action on July 21, 1972 was within the analogous limitation period.

Guided by the New York statute of limitations, the Court must determine whether or not there has been a sufficient showing of unreasonable delay and consequent prejudice to justify summary judgment on the ground of laches. In reaching its decision, the Court has followed the approach to the issue of laches prescribed in Larios v. Victory Carriers, Inc., *supra,* by asking why, if at all, this case should not be allowed to proceed. "Since the New York statute of limitations has not run, the 'ultimate burden of persuasion' as to both prejudice and lack of excuse must rest on the defendant," Prevera Shipping Co. v. Sucrest Corp., 297 F.Supp. 954, 958 (S.D.N.Y. 1969). The defendant has not met this burden. There has been no showing that evidence has been lost or that witnesses are no longer available. Defendant claims that it would be more expensive to litigate here. However, in view of the fact that witnesses are scattered

in a number of locations and that the expenses of taking their depositions can be taxed as costs, this argument is unpersuasive. The Court concludes that the defendant has not made a sufficient showing of prejudice to justify summary judgment on the ground of laches.

Defendant's motion for summary judgment is denied.

It is so ordered.